MARY LOU MITCHELL and Husband v. RAY KET-
NER, Administrator.
MARY LOU MITCHELL and Husband v. BURL M.
HICKMAN, Administrator. —393 S.W.(2d) 755.

Eastern Section. December 18, 1964.

Certiorari Denied by Supreme Court July 6, 1965.

Edward F. Hurd, Newport, and Franklin Park, Jefferson City, for plaintiffs in error.

Rainwater & Rainwater and Joe H. Felknor, Dandridge, for defendants in error.

McAMIS, P.J. Carolyn N. Woolard and Frances L. Hickman died as the result of injuries sustained when the automobile in which they were passengers collided with an automobile owned by James Sturgill and operated by Claude Wallen.

The present actions were instituted by the respective administrators against Mary Lou and James Mitchell, owners and operators of the Southland Tavern, where it is charged Sturgill and Wallen, along with four other companions, prior to the collision, purchased beer and became intoxicated. The gravamen of the actions is the alleged violation of the statutes making it unlawful to sell beer on Sunday or to a minor and upon common law negligence in selling beer to the occupants of the Sturgill car under such circumstances that defendants knew or should have known that they were intoxicated or about to become so and as a result of such intoxication would become a menace to travelers upon public highways.

The two cases were tried together, resulting in a verdict in favor of Hickman, Administrator, for $30,000.00 and a verdict for $25,000.00 in favor of Ketner, Administrator. Both defendants moved for a new trial in each case and upon the overruling of their motions prayed and were granted appeals to this Court. We consider first the assignment that the Court erred in not granting a new trial on the ground there was no evidence to support the verdict.

On Sunday, September 22, 1960, the day of this tragedy, James Sturgill, aged 19, drove his car from Kingsport, Tennessee, to the home of Claude Wallen at Blackwater, Virginia. Wallen who was killed in the accident was 29 years of age. Wallen and Sturgill, along with four male companions ranging in age from 16 to 22, left Blackwater

about 1 P.M., drove through Rogersville and Morristown, Tennessee, to the Southland Tavern, owned by defendants, located near Newport, Tennessee.

Sturgill, the owner of the car, who was driving parked in front of the Tavern at about 3 P.M. Wallen and Clarence Tankersley, who was 22 years of age, got out of the car and entered the Tavern and Wallen purchased two cases of beer containing 24 cans each which he loaded in the car unopened. Sturgill then drove to a lake near Morristown where within about one hour one case of beer and possibly a few cans out of the other were consumed by the six occupants of the car. They then decided to return to the Tavern but all the proof shows that Wallen was drinking less than the others and that on the return trip to the Tavern he drove the car and parked it in front of the Tavern where he alone got out and entered the Tavern, returning to the door a few minutes later accompanied by the Tavern attendant, thus affording the attendant, according to plaintiffs' insistence, an opportunity to observe the condition of the other occupants of the car.

The party then left with the beer unopened with Wallen driving. After leaving the tavern the second time and before the accident more of the beer was consumed. At that time, according to one of the occupants, they were all ''pretty high''. The car met and collided on the wrong side of the road after dark with the car occupied by the two intestates.

There is no proof that Wallen, the driver, was visibly intoxicated when he made the second purchase of beer, although, as above shown, he apparently became so before the accident occurred. Nor is there any proof that any

of the beer on either occasion was consumed on defendants' premises.

In our opinion, defendants would have been entitled to a directed verdict on the counts of the declarations charging negligence per se in the sale of beer to a minor contrary to the provisions of T.C.A. 57-221, if the motion for directed verdicts had been renewed at the close of all the evidence. As we have seen, both sales were to Wallen who was 29 years of age. There was no sale to any of the minor companions.

Our cases, without exception, hold that failure to renew a motion for directed verdict at the close of all the evidence operates as a waiver of the motion. City of Knoxville v. Hargis, 184 Tenn. 262, 198 S.W.(2d) 555; Sadler v. Draper, 46 Tenn. App. 1, 326 S.W.(2d) 148. Numerous other cases could be cited for the rule.

We are also of opinion plaintiffs failed to show a nexus between the accident and violation of the provisions of T.C.A. 57-221 making it unlawful to sell beer on Sunday. The sale of an intoxicant on Sunday to the driver of an automobile is no more the proximate cause of an injury on the highway than if sold on some other day. There is nothing in this statute indicating a legislative intent to protect travelers on the highway from drunken driving on the Sabbath. The operation of a motor vehicle at any time while under the influence of an intoxicant is made a criminal offense by another statute, T.C.A. 59-1031.

The violation of a penal statute is negligence per se and will sustain an action for civil wrong, but only if it affirmatively appears that such violation was the proximate cause of the injury. Biggert v. Memphis Pow-

er etc., Co., 168 Tenn. 638, 80 S.W.(2d) 90; Little v. N., C. & St. L. Ry. Co, 39 Tenn.App. 130, 218 S.W.(2d) 284.

For the reasons indicated, if there is evidence upon which to predicate liability for the death of plaintiffs' intestates it must be upon the theory of common law negligence growing out of the sale of the beer under the circumstances above outlined. We turn now to that question.

In Tarwater v. Atlantic Co., Inc., 176 Tenn. 510, 144 S.W.(2d) 746, the plaintiff was employed by a contractor engaged in painting defendant's building. The declaration charged that while the plaintiff was so employed the defendant distributed free beer to plaintiff's fellow workers one of whom as a result of becoming highly intoxicated dropped a plank on plaintiff causing the injuries for which he sued the owner of the building. Defendant's demurrer was sustained and plaintiff appealed. In affirming the judgment the Supreme Court said:

"In a number of states, not including Tennessee, there are special statutes generally called 'Civil Damage Laws,' which give in certain cases a right of action to one injured because of the furnishing of intoxicating liquor. Such laws create a new right of action unknown to the common law. Currier v. McKee, 99 Me. 364, 59 A. 442, 3 Ann.Cas. 57; Spencer v. Fisher, 161 N.C. 116, 76 S.E. 731. And create a liability that did not exist at common law. Kraus v. Schroeder, 105 Neb. 809, 182 N. W. 364, 367. In Cruse v. Aden, 127 Ill. 231, 20 N.E. 73, 74, 3 L.R.A. 327, the court said, ' "It was not a tort at common law to either sell or give intoxicating liquor to 'a strong and able-bodied man,' and it can be said safely that it is not anywhere laid down in the books that such act was even (sic) held at common law to be culpable negligence that

would impose legal liability for damages upon the vendor or donor of such liquor. * * *'' ' ''

Such is the general rule at common law in most, if not all, of the States where the question has been considered. Anno. 75 A.L.R.(2d) 835. The reasoning of these cases appears to be that it is the voluntary consumption of the intoxicant by the purchaser or donee and not the furnishing of the intoxicant which is the proximate cause of the injury inflicted by the donee or purchaser. It is to be observed, however, that, in a number of the cases noted, the injury was not due to the operation of a motor vehicle. Such was the Tarwater case, supra. At p. 837, following a digest of the cases supporting the general rule, it is said:

"Although ordinarily a vendor of intoxicating liquor is not, at common law, answerable to a third person for injury or damage sustained by the latter as a result of the intoxication of the purchaser of the liquor, nevertheless it is established that in some circumstances a vendor's sale of liquor may constitute a wilful violation of his duty to one other than the customer thereof and be the proximate cause of the injury sustained by such third person, so that for such injury the latter may have a right of action at common law against the vendor."

Cited in support of this qualification of the general rule are Waynick v. Chicago's Last Dept. Store, 7 Cir., 269 F.(2d) 322, 77 A.L.R.(2d) 1260, cert. denied, 362 U.S. 903, 80 S.Ct. 611, 4 L.Ed.(2d) 554, and Rapporport v. Nichols, 31 N.J. 188, 156 A.(2d) 1, 75 A.L.R.(2d) 821. Plaintiffs rely principally upon the latter to support the action of the Court in overruling the motion for a new trial in this case.

In Waynick v. Chicago's Last Dept. Store, the U. S. Court of Appeals, Seventh Circuit, applied the common law of Michigan to hold the seller liable. There the owner of the car and a companion drove on the lot of Dept. Store where over a period of hours they were permitted to consume large quantities of liquor supplied by the defendants both by the glass and by carry-out bottles. Other named defendants sold them additional liquor after they became intoxicated. The Court reversed the action of the lower court dismissing the complaint, saying:

"* * * These circumstances were not usual sales to adults or ordinary men. They were sales to intoxicated persons. They were not sales to 'a strong and able bodied man', as referred to in Manthei v. Heimerdinger, 332 Ill. App. 335, 352, 75 N.E.(2d) 132, 140, relied on by defendants."

In that case, however, an Illinois statute made it unlawful to sell intoxicants to persons already intoxicated. Knoch, Circuit Judge, dissented.

More persuasive and in point is the Rapporport case, supra. In that case the New Jersey Supreme Court said:

"When alcoholic beverages are sold by a tavern keeper to a minor or to an intoxicated person, the unreasonable risk of harm not only to the minor or the intoxicated person but also to members of the traveling public may readily be recognized and foreseen; this is particularly evident in current times when traveling by car to and from the tavern is so commonplace and accidents resulting from drinking are so frequent. * * * If the patron is a minor or intoxicated when served, the tavern keeper's sale to him is unlawful; and if the circumstances are such that the tavern keeper knows or should know that

the patron is a minor or is intoxicated, his service to him may also constitute common law negligence.''

The complaint alleged sales of intoxicating beverages by a number of defendant taverns under circumstances which constituted notice that the purchaser should not be served because of his age (he was 18) and ''apparent condition''. It appears from the opinion that the New Jersey Civil Damage Law had been repealed prior to the sales but that a statute prohibiting the sale of intoxicants to minors was in force and effect.

The Court predicated its reversal of summary judgment for defendant, however, in part upon common law concepts of negligence.

Rejecting the insistence that the sales of intoxicants were not the proximate cause of the injuries later inflicted by the purchaser in driving his car upon the public highway, the Court said:

''(A) tortfeasor is generally held answerable for the injuries which result in the ordinary course of events from his negligence and it is generally sufficient if his negligent conduct was a substantial factor in bringing about the injuries. (citing cases) The fact that there were also intravening causes which were foreseeable or were normal incidents of the risk created would not relieve the tortfeasor of liability.'' (Citing cases) As to a foreseeable subsequent event as an intervening cause, our own cases are in accord. Ringer v. Godfrey, 50 Tenn.App. 559, 362 S.W.(2d) 825 and cases there cited.

The Court in the Rapporport opinion went on to say that ordinarily the questions of proximate and intervening cause are left to the jury.

In the most recent text treatment of the question it is said that in some circumstances the sale of intoxicating liquor may constitute a violation of duty to one other than the consumer thereof and that the sale may become a proximate cause of the injury, giving rise to an action at common law against the seller. Sup. 30 Am.Jur., p. 822; Sup. 48 C.J.S. Intoxicating Liquors sec. 431, p. 717.

██ We are unwilling to hold that, no matter what the circumstances, the act of the purchaser and not the sale· constitute the proximate cause of injury to third persons or that consumption of the intoxicant is always an independent, intervening act which breaks the chain of causation. Sadler v. Draper (supra), 46 Tenn.App. 1, 326 S.W. (2d) 148, furnishes an analogy. There the owner was held liable for the act of his agent in entrusting an automobile to one whom the agent knew to be an habitual drunkard and under the influence of liquor when he allowed him to take the car into his possession. In Nicholson Const. Co. v. Lane, 177 Tenn. 440, 150 S.W.(2d) 1069, the owner was found liable for injuries inflicted by an habitual drunkard to whom the owner entrusted the automobile, though he was not drinking when he was allowed to take the car. Other cases to the same effect could be cited.

We can see little difference in principle between the act of an owner entrusting an automobile to one known to be an habitual drunkard and the act of a tavern keeper in plying the driver of a car with intoxicants, knowing that he is likely to drive upon the public highway where he will become a menace to third persons. The mischief likely to result is as great in one instance as in the other. Who holds the title to the offending vehicle is of no importance to an injured person. While, as said in Sadler v. Draper, supra, an automobile is not per se a dangerous

instrumentality, it becomes a thing of danger when controlled by an incompetent or intoxicated person.

These principles seem to us clear enough. The difficulty lies in their application to the facts of a given case. The ultimate test is one of foreseeability which in turn must rest on such factors as the apparent condition of the buyer of the intoxicant and whether he is likely to become the driver of an automobile or inflict injury upon third persons by some other means reasonably to be anticipated or foreseen. It can only be said that each case, in finality, must rest upon its own particular facts.

In the present case, while the seller was apprised that Wallen, the purchaser, was the driver of an automobile it is not insisted he was intoxicated when the first sale was made and there is lacking evidence that he consumed any of the beer at the Tavern, that he was visibly under the influence of an intoxicant or that he was in fact intoxicated when the second sale was made. The extent of the proof is that he had consumed some of the beer at the lake. We are not cited to a case and after diligent search have found none imposing liability upon the seller of intoxicants under comparable circumstances.

It results that the cause will be remanded for a new trial, defendants having failed to renew the motion for peremptory instructions at the close of all the evidence. Costs of appeal will be paid by defendants in error, plaintiffs below. Costs of the Circuit Court will abide the final result.

Cooper and Parrott, JJ., concur.