William Ray BROOKINS, Jr., et
al., Appellants,

v.

THE ROUND TABLE, INC., et
al., Appellees.

Supreme Court of Tennessee.

Oct. 13, 1981.

Brenda Gale Willett, Dallas, Tex., J. D. Lee, Madisonville, for appellants, William Ray Brookins, Jr., et al.

Gayle Malone, Jr., Trabue, Sturdivant & DeWitt, Nashville, amicus curiae.

N. R. Coleman, Jr., Milligan, Coleman, Fletcher, Gaby & Kilday, Greeneville, for appellees, The Round Table, Inc.

Charles R. Terry & Associates, Morristown, for appellees, Charles Ford and Ford's Package Store.

## OPINION

COOPER, Justice.

The application for permission to appeal was granted in this case to review the action of the Court of Appeals in affirming a summary judgment dismissing plaintiffs' suit for damages for personal injuries predicated upon the illegal sale of intoxicating beverages to William Ray Brookins, Jr., a minor.

The minor plaintiff was seriously injured at about 12:30 a.m. on May 8, 1977, when the automobile in which he was riding as a passenger left the highway and struck a tree. There is no question but that the driver of the automobile was intoxicated at the time of the accident and that his intoxication was a cause of his loss of control of the automobile.

Plaintiffs brought suit against Charles Ford, doing business as Ford's Package Store, and The Round Table, Inc., a restaurant in Greeneville, Tennessee, charging the defendants with unlawfully selling intoxicating beverages to Brookins, who was under the age of eighteen. Plaintiffs contend that the drinking of the intoxicating beverages by Brookins diminished his capacity to exercise care for his own safety, and kept him from realizing the seriousness of the danger in riding with his intoxicated friend.

The trial judge sustained defendants' motions for summary judgment, holding that plaintiffs had failed to state a claim upon which relief could be granted. The Court of Appeals affirmed, pointing out that the minor plaintiff had actively contributed to the intoxication of the adult driver by illegally procuring the intoxicating beverages and by sharing them with the driver to the point of mutual intoxication.

Taking issue with the action of the Court of Appeals, plaintiffs insist a commercial vendor of alcohol is liable for any and all injuries resulting from the unlawful sale of alcoholic beverages to minors; that the defense of contributory negligence is not available to a vendor in the action brought by a minor, who sustained injury while under the influence of the intoxicant sold him; and, that, if contributory negligence is a defense, it is an issue for the jury under the circumstances of this case.

This cause having been dismissed on summary judgment, we are left to glean the

material facts from the pleadings and the limited discovery depositions taken by the parties. From these, we find that on May 7, 1977, William Brookins, Jr. was 17 years and 3 months of age. That day he was picked up at his home by Jim Williamson, then 18 years of age, and the two went to Ford's Package Store where the minor plaintiff purchased a quantity of beer and two bottles of champagne. Thereafter, and without consuming any of the beverages, the two picked up their dates for the night and went to their high school prom. They stayed at the prom a short time and then went to the Round Table Restaurant at about 6:00 p.m. to dine. While at the restaurant, they ordered, for the four in the party, two steaks and two salads. Jim Williamson and William Brookins, Jr. each drank one beer. This was the first alcoholic beverage that any of the party drank that night.

Upon leaving the restaurant, the minor plaintiff and his male companion, who was driving the automobile, began to drink the beverages purchased at Ford's. They returned to the prom and left it again to go "riding around" and parking. The accident occurred at about 12:30 a.m. At sometime just prior to the accident, Brookins complained to Williamson about his driving and tried to take the keys from him, without success. Brookins testified that if he had not been drinking, he would not have ridden with Williamson. He also testified that he would not have ridden with Williamson if he had had any other way to get home.

At common law, an individual who sold or furnished alcohol to another generally was held not to be liable for damages resulting from the other's intoxication, even if those damages were foreseeable, in part because the other's acceptance and use of the intoxicants was considered an independent intervening cause, cutting off any liability. *See* Annot., 75 A.L.R.2d 821; 45 AM.JUR.2d *Intoxicating Liquors* § 554. Today, even in the absence of statutes prohibiting the sale

of intoxicating beverages to a minor or to an intoxicated person, courts generally recognize that the furnishing of intoxicants may be the proximate cause of an injury resulting from intoxication, the negligence consisting of the creation of a situation or condition which involves unreasonable risk because of the foreseeable action of another. *Trail v. Christian*, 298 Minn. 101, 213 N.W.2d 618 (1973); *Vesely v. Sager*, 5 Cal.3d 153, 486 P.2d 151, 95 Cal.Rptr. 623 (1971); *Rappaport v. Nichols*, 31 N.J. 188, 156 A.2d 1 (1959); Anno., 97 A.L.R.3d 528. *See also Mitchell v. Ketner*, 54 Tenn.App. 656, 393 S.W.2d 755, wherein the court emphasizes that:

> We are unwilling to hold that, no matter what the circumstances, the act of the purchaser and not the sale constitutes the proximate cause of injury to third persons or that consumption of the intoxicant is always an independent, intervening act which breaks the chain of causation. 393 S.W.2d 759.

The court further points out that whether the sale of intoxicants is the proximate cause of subsequent injuries is essentially a question of foreseeability, stating:

> The ultimate test is one of foreseeability which in turn must rest on such factors as the apparent condition of the buyer of the intoxicant and whether he is likely to become the driver of an automobile or inflict injury upon third persons by some other means reasonably to be anticipated or foreseen. Id., at 759.

▬▬▬ The public policy of this state is to prevent minors from purchasing, possessing, or imbibing alcoholic beverages. To carry out this policy, the legislature has expressly forbidden a vendor of alcoholic beverages to sell to a minor,[1] under penalty of law. *See* T.C.A. §§ 57–3–406, 57–4–203, 57–5–301(a) and (c), and 57–5–303. The legislature also expressly has forbidden a minor, under penalty of law, to purchase or

---

1. At the time the minor plaintiff purchased the alcoholic beverages from defendants, the age of majority was 18 years. While the age of majority in this state is still 18 years, the legisla-

ture has since decreed that the "drinking age of majority" is 19 years. Public Acts of 1979, ch. 413 § 1, codified in T.C.A. § 1–3–105(29).

even possess alcoholic beverages. *See* T.C.A. §§ 57–4–203, 57–5–301(d) and (e), and 57–5–303. These broad prohibitions are intended not only to protect minors from the folly of their own actions, but are for the protection of members of the general public as well. They are directed to minors as a class in recognition of their susceptibilities and the intensification of dangers inherent in the consumption of alcoholic beverages, when consumed by a person lacking in maturity and responsibility. Further, by subjecting a minor plaintiff who purchases alcoholic beverages to possible criminal prosecution, the legislature indicates an awareness that some minor purchasers of alcoholic beverages have the maturity and capacity to act responsibly, and that they should bear the brunt of their own actions in purchasing and consuming alcoholic beverages.

In this state the violation of a penal statute is negligence per se, and will sustain an action for civil wrong, where it affirmatively appears that the violation was the proximate cause of the injury for which recovery is sought. *Mitchell v. Ketner*, 54 Tenn.App. 656, 393 S.W.2d 755 (1964).

The Court of Appeals recognized that a cause of action exists against a vendor who sells alcoholic beverages to a minor, where harm results therefrom. However, on motion for summary judgment the Court of Appeals denied recovery of damages to the plaintiffs as a matter of law, since the minor plaintiff admittedly procured the intoxicating beverages in violation of state statutes and had shared them with his male companion to the point of mutual intoxication. *See* Annot., 26 A.L. R.3d 1112, Civil Damage Act-Drinking Companions, at 1117.

Generally, summary judgments are not appropriate in negligence actions. *Bowman v. Henard*, 547 S.W.2d 527 (1977). The procedure was designated to provide a quick, inexpensive means of concluding cases, on issues as to which there is no dispute regarding material facts, but was in no wise designed for the trial of factual issues. It can be granted only when the pleadings, stipulations, and affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Phillips v. Pittsburg Consolidated Coal Company*, 541 S.W.2d 411 (Tenn.1976); *Evco Corporation v. Ross*, 528 S.W.2d 20 (Tenn.1975). In negligence cases, issues of proximate cause, intervening cause and contributory negligence are peculiarly issues for the trier of fact, not the court to determine. Such issues can only be decided by the court in cases where inferences from uncontroverted facts are so certain that all reasonable men, in the exercise of a free and impartial judgment, must agree upon them. *See Frady v. Smith*, 519 S.W.2d 584 (1975). We do not think that situation exists in this case.

We agree with the Court of Appeals that a person, who has the capacity and judgment to act responsibly in his own behalf cannot recover damages where he actively contributes to the intoxication of another and the intoxication is the proximate cause of the injury that is the subject of the legal action. While the rule is salutary, where a minor plaintiff is involved in the purchase and use of alcoholic beverages, the rule is not applicable *per se* to defeat the minor's right to have a jury decide whether his actions were those of a reasonably prudent person of like age, capacity, knowledge, and experience. The capacity and judgment of a minor plaintiff to act responsibly is put in issue merely by the fact that he was not of legal age when he purchased and used alcoholic beverages. While this implicit lack of capacity and judgment to act responsibly may be shown not to exist, in fact, it is sufficient to meet the challenge of a motion for summary judgment predicated upon the conduct of the minor plaintiff after he purchased the alcoholic beverages.

On the factual issue of capacity and judgment to act responsibly, up to this point in the proceedings in this case, the evidence shows only that the minor plaintiff had had no experience with alcohol and

thus had no reason to suspect that he and his companion would become intoxicated on the amount of alcohol purchased from the defendants. A further implication from the evidence is that the drinking of a single bottle of beer would affect the minor plaintiff's judgment and interfere with his ability to protect himself from harm. We think this evidence, unrebutted as it is, coupled with the admitted sale of intoxicating beverages to the minor plaintiff would be sufficient to support a finding by a jury that the minor plaintiff's actions, after he acquired the alcoholic beverages, were those a reasonably prudent person of like age, capacity, knowledge, and experience might be expected to exercise. *See generally, Frady v. Smith*, 519 S.W.2d 584, (Tenn.1975). In short, at this stage of the proceedings, we think the pleadings and evidence are such that the plaintiffs should have the opportunity to develop their case fully by having a trial on the merits.

Judgment is reversed and the case is remanded for trial. Costs incident to the appeal are adjudged against the defendants equally.

HARBISON, C. J., and FONES, BROCK and DROWOTA, JJ.