Dennis L. KNAPP, Administrator of the Estate of David L. Knapp, Deceased, Plaintiff-Appellant,

v.

HOLIDAY INNS, INC. and Holiday Inn Nashville—North, Defendants and Third-Party Plaintiffs-Appellees,

v.

Norman D. LANE, Third-Party Defendant-Appellee.

Court of Appeals of Tennessee, Middle Section.

Oct. 11, 1984.

Permission to Appeal Denied by Supreme Court Dec. 31, 1984.

Sidney Gilreath, Frances L. Ansley, Knoxville, for plaintiff-appellant.

Thomas M. Donnell, Jr., Stewart, Estes & Donnell, Nashville, for defendants and third-party plaintiffs-appellees.

Gayle Malone, Jr., Trabue, Sturdivant & DeWitt, Nashville, for third-party defendant-appellee.

## OPINION

KOCH, Judge.

This is a wrongful death action predicated upon a common law dram shop cause of action similar to that recognized in *Brookins v. The Round Table, Inc.*, 624 S.W.2d 547 (Tenn.1981) and *Mitchell v. Ketner*, 54 Tenn.App. 656, 393 S.W.2d 755 (1964). It was concluded prior to trial when the trial court granted a summary judgment for the defendant owner of the cocktail lounge where the person causing the fatal accident had been served alcoholic beverages immediately prior to the accident.

This case presents a unique situation in which the party seeking a summary judgment contends that it is entitled to a judgment as a matter of law because all available witnesses having direct and personal knowledge of the material facts have made statements favorable to the movant thereby precluding any possibility of a genuine dispute of material fact. In response, the opponent to the motion for summary judgment concedes that the statements of all available witnesses with direct knowledge of the facts are in the movant's favor. However, the opponent to the motion contends that a genuine and material factual dispute exists because the credibility of the defendant's witnesses and the weight to be given their testimony should not be decided at the summary judgment stage but should be resolved by the trier of fact at a trial on the merits.

For the reasons stated in this opinion, we find that granting a summary judgment was not appropriate in this case.

On December 3, 1982, Mr. Dennis L. Knapp, acting as the administrator of his son's estate, brought this action in the Sixth Circuit Court for Davidson County against Holiday Inns, Inc., the owner of a cocktail lounge named "Chuggers" located in the Holiday Inn Hotel in Nashville adjacent to I-65. In substance, the complaint alleged that employees of Chuggers lounge had illegally and negligently served alcoholic beverages to Mr. Norman D. Lane, a regular and frequent Chuggers patron, after he had reached an intoxicated condition. The complaint further alleged that immediately after leaving Chuggers, Mr. Lane caused an automobile accident on I-65 which resulted in David L. Knapp's death. The complaint concludes that Holiday Inn, Inc.'s negligence was the proximate cause of David L. Knapp's death.

Holiday Inns, Inc. moved for a summary judgment on October 25, 1983, contending (1) that the complaint failed to state a claim upon which relief can be granted, (2) that it had committed no negligent act that was the proximate cause of the accident in which David L. Knapp was killed, and (3) that David L. Knapp's death resulted from independent and superceding causes over which Holiday Inns, Inc. had no control. In support of its contentions that there were no genuine factual issues and that it was entitled to a judgment as a matter of law, Holiday Inns, Inc. filed the deposition of Norman D. Lane, an affidavit of one of Mr. Lane's employees, an affidavit of one of Mr. Lane's former clients who was a cocktail waitress at Chuggers on the night David L. Knapp was killed, and affidavits from another waitress and the Food and Beverage Director of the hotel concerning Chuggers' general policy concerning serving alcoholic beverages.

In response to the motion for summary judgment, Mr. Knapp filed the affidavit of a Professor of Toxicology from the Indiana University School of Medicine and the affidavit of the Director of the Crime Labora-

tory of the Tennessee Bureau of Investigation together with attached exhibits relating to the level of Mr. Lane's intoxication at the time the fatal accident occurred.

The trial court conducted a hearing on the motion for summary judgment on January 6, 1984. During this hearing both in briefs filed and during argument, Mr. Knapp challenged Holiday Inn, Inc.'s affidavits in support of the motion for summary judgment on the basis of bias and interest of the persons upon whose affidavits the motion for summary judgment was predicated. Likewise, Holiday Inns, Inc. challenged the competency of the affidavits submitted by Mr. Knapp. On January 9, 1984, an order was entered granting Holiday Inns, Inc. a summary judgment.[1]

■ The dispositive issue both in the trial court and in this appeal is whether there exists a genuine factual dispute concerning whether the employees of Chuggers served alcoholic beverages to Norman Lane when he was visibly intoxicated. This is a material issue because the owner or operator of an establishment selling alcoholic beverages by the drink to the public may only be held liable for injuries proximately caused by serving alcoholic beverages to a person who is visibly intoxicated at the time the alcoholic beverages are served. *Brookins v. The Round Table, Inc.*, 624 S.W.2d 547, 550 (Tenn.1981) and *Mitchell v. Ketner*, 54 Tenn.App. 656, 666, 393 S.W.2d 755, 759 (1964). See also Tenn.Code Ann. § 57–4–203(c).

Holiday Inns, Inc. sought to show definitively that Mr. Lane was not visibly intoxicated by relying on the deposition of Mr. Lane himself, the affidavits of one of Mr. Lane's former clients who was one of the cocktail waitresses at Chuggers who served Mr. Lane prior to the accident, and Mr. Lane's law clerk who talked with him by telephone while Mr. Lane was at Chuggers.[2]

This proof shows that Mr. Lane began drinking at his law office during the afternoon of the day David Knapp was killed and that he drank more at his law office than he did while he was at Chuggers. He had nothing to eat that day because he was on a diet. While he could not remember when he left his law office, Mr. Lane remembered that he drove directly to Chuggers and that he arrived there some time prior to 6:30 p.m. He planned to stay there until the traffic congestion eased before continuing home. He did not remember how many drinks he was served while he was at Chuggers.

A waitress employed at Chuggers who was a former client and friend of Mr. Lane stated in an affidavit that she served him two drinks during happy hour before she left work at 7:00 p.m. and that Mr. Lane did not appear to be intoxicated when she saw him. Mr. Lane's law clerk stated in an affidavit that he called Mr. Lane at Chuggers at approximately 6:30 p.m. shortly after Mr. Lane arrived and that Mr. Lane did not sound intoxicated during that telephone conversation.

Mr. Lane recalled ordering another drink from another waitress before he left Chuggers, but by affidavit, this waitress had no independent recollection of Mr. Lane or that she ever served him as a customer at Chuggers.

When Mr. Lane left Chuggers at 8:00 p.m. he drove onto I–65. He remembers being concerned about being arrested for driving while intoxicated immediately prior

1. Holiday Inns, Inc. also filed a third-party action against Norman Lane seeking indemnity and contribution in the event Mr. Knapp obtained a judgment against Holiday Inns, Inc. While this action was pending, Mr. Lane and Mr. Knapp entered into a settlement whereby Mr. Lane agreed to pay Mr. Knapp $109,334.19 thereby discharging Mr. Lane from any further liability to Mr. Knapp or David L. Knapp's estate. The trial court's action granting Holiday Inn, Inc. a summary judgment finally resolved all issues among the parties because Holiday Inns, Inc.'s third-party complaint was predicated upon a determination of liability in the action filed by Mr. Knapp which was dismissed as a result of the summary judgment.

2. Holiday Inns, Inc. submitted two other affidavits in support of its motion for summary judgment. They have no bearing on Mr. Lane's demeanor while at Chuggers but rather relate to Chuggers' general policy concerning serving alcoholic beverages to persons who appear intoxicated.

to the accident. Approximately ten minutes after leaving Chuggers, he mistook the gas pedal for the brake pedal and accelerated into the rear of the automobile ahead of him, drove across the highway's medial strip, and struck the automobile being driven by David Knapp head on.

Mr. Knapp was killed, and Mr. Lane was rendered unconscious and remained so for some time after the accident. A sample of Mr. Lane's blood was taken within an hour after the accident. It was subsequently analyzed by the Tennessee Bureau of Investigation's crime laboratory and was found to have a blood alcohol concentration of .23%.[3]

Mr. Lane admitted in his pleadings that it was his negligence that caused David Knapp's death and that he was driving while intoxicated when the accident occurred.

The benefits of granting summary judgment in proper cases have been recognized repeatedly. *Brookins v. The Round Table, Inc.,* 624 S.W.2d 547, 550 (Tenn.1981) and *Ferguson v. Tomerlin,* 656 S.W.2d 378, 382 (Tenn.App.1983). However, our courts have also been quick to point out that summary judgments should not be used as substitutes for trials on the merits when the material facts are in dispute, *Jones v. Home Indemnity Insurance Co.,* 651 S.W.2d 213, 214 (Tenn.1983), or when there is uncertainty about whether the material facts are in dispute, *Executone of Memphis, Inc. v. Garner,* 650 S.W.2d 734, 736 (Tenn.1983) and *Evco Corp. v. Ross,* 528 S.W.2d 20, 25 (Tenn.1975), or even when the parties disagree about the inferences to be drawn from the facts. *Prescott v. Adams,* 627 S.W.2d 134, 138–39 (Tenn.App. 1981).

The procedural requirements contained in Tenn.R.Civ.P. 56 used to consider a motion for summary judgment have also been reviewed on prior occasions and need

no great elaboration here. Suffice it to say that the party moving for a summary judgment must first carry the burden of demonstrating that no genuine dispute involving material facts exists and that he is entitled to a judgment as a matter of law. Tenn.R. Civ.P. 56.03. See also *Phillips v. Pittsburgh Consolidated Coal Co.,* 541 S.W.2d 411, 413 (Tenn.1976) and *Poppenheimer v. Bluff City Motor Homes, Division of Bluff City Buick Co.,* 658 S.W.2d 106, 110 (Tenn.App.1983). Once confronted with a motion for summary judgment, the opponent to the motion cannot take it lightly and is required to demonstrate why granting a motion for summary judgment would be inappropriate. In most instances, the opponent to a motion for summary judgment defeats the motion by demonstrating that genuine disputes concerning material facts exist. See *Fowler v. Happy Goodman Family,* 575 S.W.2d 496, 498 (Tenn. 1978) and *Ferguson v. Tomerlin,* 656 S.W.2d 378, 382 (Tenn.App.1983).

The decisions of our state courts construing Tenn.R.Civ.P. 56 have repeatedly held that when a court is determining whether all the requirements of Tenn.R.Civ.P. 56 have been met in a particular case, the pleadings and other competent factual proof should be viewed in a light most favorable to the opponent of the motion and likewise, that all legitimate conclusions should be drawn in the opponent's favor. *Jones v. Home Indemnity Insurance Co.,* 651 S.W.2d 213, 214 (Tenn.1983) and *Bennett v. Mid-South Terminals Corp.,* 660 S.W.2d 799, 800 (Tenn.App.1983). The Federal courts construing Fed.R.Civ.P. 56 which is substantially similar to Tenn.R. Civ.P. 56 have stated the same principle another way.[4] Under Fed.R.Civ.P. 56, persons moving for a summary judgment are held to the strict standard of making a showing that excludes any real doubt as to the existence of any genuine issue of mate-

---

**3.** Tenn.Code Ann. § 55–10–408(b) provides for a presumption that a person is under the influence of alcohol if there is .10% or more by weight of alcohol in his blood.

**4.** While decisions of Federal courts construing Fed.R.Civ.P. 56 are not binding on our courts,

they provide highly persuasive precedents when we are called upon to construe those portions of Tenn.R.Civ.P. 56 that are substantially similar to Fed.R.Civ.P. 56. *Bowman v. Henard,* 547 S.W.2d 527, 530 (Tenn.1977). See also D. Paine, *Recent Developments in Tennessee and Federal Procedure,* 36 Tenn.L.Rev. 276, 278 (1969).

rial fact, and thus their papers are viewed with great strictness while the opposing party's proof is viewed with more indulgence. *Adickes v. S.H. Kress and Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970) and *Maiorana v. MacDonald,* 596 F.2d 1072, 1080 (1st Cir.1979). See also 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2738 n. 31 (1983) and 6 J. Moore, *Moore's Federal Practice,* ¶ 56.22[1], at 56–1333 (2d Ed.1982).

While summary judgments can be granted in negligence cases when the requirements of Tenn.R.Civ.P. 56 have been satisfied,[5] the Tennessee Supreme Court has cautioned that as a general matter, summary judgments should be granted only hesitantly in negligence cases because the ultimate determinative issues in these cases should be decided by the trier of fact after an opportunity to view witnesses' demeanor and to evaluate their credibility. *Bowman v. Henard,* 547 S.W.2d 527, 530 (Tenn. 1977).[6] The *Bowman* decision involved a medical malpractice action wherein the defendant's motion for a summary judgment was supported by affidavits of other physicians containing expert opinions. Recognizing with approval the general rule that opinion evidence should be weighed and evaluated by the trier of fact, the Court, in a narrowly drawn ruling, held that affidavits containing expert opinions could be used to support a motion for a summary judgment in medical malpractice cases because, with the exception of matters within a layman's common knowledge, medical malpractice is to be proved using expert testimony.[7]

In the *Bowman v. Henard* opinion, the Tennessee Supreme Court, like other courts,[8] has recognized that there are cases in which it is not proper to force a party to try his case on affidavits because to do so would prevent the trier of fact from having the opportunity to view the witnesses as they testify and thus to decide upon their credibility and the weight to be given to their testimony. *Bowman v. Henard,* 547 S.W.2d 527, 529–30 (Tenn.1977).

This conclusion is in full harmony with the decisions of Federal courts construing Fed.R.Civ.P. 56. These decisions conclude that evidence in the form of affidavits is, on the whole, the least satisfactory form of evidentiary material to use in support of a motion for summary judgment because the use of affidavits deprives the opposing party of an opportunity to cross examine the witness thereby depriving the fact finder of any real opportunity to judge the witness' credibility and to determine the weight to be given to the testimony. Judge Friendly has expressed this proposition as follows:

> "But even if the trial should turn out to be nothing more than a swearing contest, with the parties saying the same thing in the witness chair they have said in affidavits, the court would have the benefit of observing their demeanor, particularly under cross-examination, and the case would come to us [the appellate court] with factual findings on the disputed matters which are lacking in the opinion before us ..."

> *Painton & Co. v. Bourns, Inc.,* 442 F.2d 216, 233 (2d Cir.1971).

See also 6 J. Moore, *Moore's Federal Practice* ¶¶ 56.15[4], at 56–514 and 56.22[1] at 56–1325 (2d Ed.1982) and 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2722, at 56 (1983).

■ Courts construing the federal counterpart to Tenn.R.Civ.P. 56 consistently hold that summary judgments should not be granted in cases where the outcome

---

**5.** *Frazier v. Moore,* 651 S.W.2d 240, 242 (Tenn. App.1983) and *Wyatt v. Winnebago Industries, Inc.,* 566 S.W.2d 276, 279 (Tenn.App.1977).

**6.** The Court also relied upon C. Wright & A. Miller, *Federal Practice and Procedure* § 2738 (1977) as authority for its holding. See also *Frazier v. Moore,* 651 S.W.2d 240, 242 (Tenn. App.1983).

**7.** See J. Sobieski, *A Survey of Civil Procedure in Tennessee—1977,* 46 Tenn.L.Rev. 271, 337 (1979) and J. King, *The Standard of Care and Informed Consent Under the Tennessee Medical Malpractice Act,* 44 Tenn.L.Rev. 225, 263 (1977). See also *Dolan v. Cunningham,* 648 S.W.2d 652, 653 (Tenn.App.1982).

**8.** See 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2738 n. 49 (1983).

hinges squarely upon the state of mind, intent, or credibility of the witnesses. *Hoover v. Switlik Parachute Co.,* 663 F.2d 964, 968 (9th Cir.1981) and *Irwin v. United States,* 558 F.2d 249, 252 (5th Cir.1977).[9] Stated another way, doubt as to the credibility of material witnesses will create a genuine issue of material fact sufficient to render granting a summary judgment improper. *Transway Finance Co. v. Gershon,* 92 F.R.D. 777, 778–79 (E.D.N.Y. 1982). See also C. Wright & A. Miller, *Federal Practice and Procedure* § 2726, at 113 (1983) and 6 J. Moore, *Moore's Federal Practice* ¶ 56.15[3], at 56–475 (2d Ed. 1983). This is especially the case when the basic facts are under the control of one of the parties.[10]

A party seeking to defeat a motion for summary judgment by questioning the credibility of witnesses must fairly raise this issue in the trial court at the time the motion for summary judgment is being considered. *Lundeen v. Cordner,* 354 F.2d 401, 408 (8th Cir.1966). See also 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2726, at 118–19 (1983) and 6 J. Moore, *Moore's Federal Practice* ¶ 56.15[4], at 56–524 (2d Ed.1982). However, if the opponent to a motion for summary judgment succeeds in raising a genuine doubt concerning a witness' credibility by a sufficient showing of the witness' bias, prejudice, or interest, the summary judgment should be denied, and the case should be decided by the trier of fact. *Sartor v. Arkansas Natural Gas Corp.,* 321 U.S. 620, 628, 64 S.Ct. 724, 729, 88 L.Ed. 967 (1944). 6 J. Moore, *Moore's Federal Practice* ¶ 56.15[4], at 56–526 (2d Ed. 1982). Thus, in a wrongful death action, Judge Wisdom cautioned:

"The court should be cautious in granting a motion for summary judgment when resolution of the dispositive issue requires a determination of state of mind. Much depends upon the credibility of the witnesses testifying as to their own states of mind. In these circumstances the jury should be given an opportunity to observe the demeanor, during direct and cross-examination, of the witnesses whose states of mind are at issue."

*Croley v. Matson Navigation Co.,* 434 F.2d 73, 77 (5th Cir.1970).

After analogizing a motion for summary judgment with a motion for a directed verdict, the United States Supreme Court held that the credibility of witnesses and the weight to be given their testimony should be left to the jury and that a summary judgment supported by affidavits of interested witnesses was not proper because "... a summary disposition ... should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." *Sartor v. Arkansas Natural Gas Corp.,* 321 U.S. 620, 624, 64 S.Ct. 724, 727, 88 L.Ed. 967 (1944).

Our courts have also equated motions for summary judgments pursuant to Tenn.R.Civ.P. 56 with motions for directed verdicts. *Bennett v. Mid-South Terminals Corp.,* 660 S.W.2d 799, 800 (Tenn.App. 1983). Under state law, a directed verdict should not be granted if there is any doubt about the conclusions to be drawn from the evidence. *Sauls v. Evans,* 635 S.W.2d 377, 379 (Tenn.1982) and *Redding v. Conally Ford, Inc.,* 662 S.W.2d 938, 942 (Tenn.App. 1983).[11] Uncontradicted evidence will not

---

9. See Advisory Committee's Note, Proposed Amendments to Rules of Civil Procedure For The United States District Courts, 31 F.R.D. 621, 648 (1962). See also 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2726, at 115–16 (1983) and 6 J. Moore, *Moore's Federal Practice* § 56.15[4], at 56–519 (2d Ed.1982).

10. *Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962); *Wilmington Trust Co. v. Manufacturers Life Insurance Co.,* 624 F.2d 707, 709 (5th Cir.1980); *Madison v. Deseret Livestock Co.,* 574 F.2d 1027, 1036–37 (10th Cir.1978); and *Subin v. Goldsmith,* 224 F.2d 753, 758–59 (2d Cir. 1955).

11. A similar standard has been applied to summary judgments. *Haga v. Blanc & West Lumber Co.,* 666 S.W.2d 61, 65 (Tenn.1984); *Executone of Memphis, Inc. v. Garner,* 650 S.W.2d 734, 736 (Tenn.1983); and *Prescott v. Adams,* 627 S.W.2d 134, 138–39 (Tenn.App.1981).

entitle a party to a directed verdict, and by analogy to a summary judgment, when the credibility of the evidence has been called into question using one of the legal modes available to test the credibility of witnesses. *Curtis v. Kelsey Wheel Co.*, 168 Tenn. 262, 264, 77 S.W.2d 449, 449–50 (1935); *Standard Oil Co. of Louisiana v. Roach*, 19 Tenn.App. 661, 674, 94 S.W.2d 63, 71 (1936); and *Sprankle v. Meyernick*, 4 Tenn.Civ.App. 515, 520 (1913).

■ This case presents a clear situation where a summary judgment is not proper because the outcome of this case rests solely upon the credibility of the witnesses who can be considered competent to testify from personal knowledge about Norman Lane's demeanor and conduct while he was at Chuggers prior to the fatal accident. Mr. Knapp squarely challenged the credibility of these witnesses in the trial court and has sufficiently called the credibility of these witnesses into question to create a genuine issue of material fact.

In fact, this record reveals that there is only one witness other than Mr. Lane himself who has any direct, personal knowledge concerning Mr. Lane's conduct at Chuggers.[12] This witness is the waitress who served Mr. Lane during the first half hour he was at Chuggers. In addition to being an employee of the defendant, this witness admitted that she was a personal friend and former client of Mr. Lane. These relationships are sufficient to raise a question of this witness' credibility which should be resolved at a full hearing on the merits. In other dram shop cases, an employee of the defendant tavern owner has been found to be sufficiently interested in the proceeding to be impeached. See *Harden v. Seventh Rib, Inc.*, 311 Minn. 27, 247 N.W.2d 42, 46 (1976).

In addition to the question about the weight to be given to this waitress' testimony, it is evident that Holiday Inns, Inc.'s affidavits do not exclude the existence of a dispute with regard to the material facts. None of the proof submitted by Holiday Inns, Inc. provides any evidence concerning Mr. Lane's demeanor at Chuggers for an hour immediately before he left. Mr. Lane was served by two waitresses that night. The first waitress who served him until approximately 7:00 p.m. left the establishment and had no chance to observe Mr. Lane further. The second waitress who would have served Mr. Lane from 7:00 p.m. until the time he left had no independent recollection of Mr. Lane nor any of the events at Chuggers that evening. This absence of proof is not sufficient for Holiday Inns, Inc. to carry its burden required by Tenn.R.Civ.P. 56.03 of demonstrating that there are no genuine disputes of material fact.

While we have determined that the questioned credibility of Holiday Inns, Inc.'s witnesses, by itself, is sufficient to render a summary judgment inappropriate in this case, we also find that a portion of the evidence Mr. Knapp presented in opposition to the summary judgment may also be competent to create a material factual dispute.

In response to Holiday Inns, Inc.'s motion for summary judgment, Mr. Knapp filed an affidavit of the director of the crime laboratory of the Tennessee Bureau of Investigation attaching certified copies of the records relating to the blood alcohol concentration tests conducted upon a sample of Mr. Lane's blood which was taken within an hour after the fatal accident. While proper foundation would be required in order to admit these documents into evidence at trial,[13] Tenn.Code Ann. § 55–10–410(d) provides that this evidence is admissible in any court as evidence of the facts stated therein and of the results of the blood alcohol test itself.

---

**12.** Mr. Lane's testimony in his deposition reveals that his memory about his conduct is less than reliable. Mr. Lane's law clerk admits in his affidavit that he never saw Mr. Lane on the day of the accident. Testimony regarding a telephone conversation is barely relevant to the issue of whether Mr. Lane was visibly intoxicated during the ninety minutes Mr. Lane remained at Chuggers after the telephone call.

**13.** See *State v. McKinney,* 605 S.W.2d 842, 845–46 (Tenn.Crim.App.1980). See also D. Paine, *Tennessee Law of Evidence* §§ 85 and 237 (1974).

■ Any material fact can be proved by circumstantial evidence *Law v. Louisville & N.R. Co.*, 179 Tenn. 687, 696, 170 S.W.2d 360, 363 (1943) (Chambers, J., concurring) and *Greer v. Lawhon*, 600 S.W.2d 742, 745 (Tenn.App.1980). In certain cases, this Court has recognized that a well connected train of circumstances may be more convincing than direct evidence on the same matters. *Ballew v. Ballew*, 43 Tenn.App. 340, 346, 309 S.W.2d 125, 128 (1957). See also *Sprankle v. Mathis*, 4 Tenn.Civ.App. 522, 528 (1913).

■ Well reasoned authority from other jurisdictions holds that the level of a person's intoxication as well as his demeanor may be proved by circumstantial evidence. *Lasky v. Baker*, 126 Mich.App. 524, 337 N.W.2d 561, 563 (1983) and *Schwedler v. Galvan*, 46 Ill.App.3d 630, 4 Ill.Dec. 891, 895, 360 N.E.2d 1324, 1328 (1977).[14] While not conclusive, the results of properly conducted blood alcohol concentration tests can assist the trier of fact in determining the state of a person's intoxication. *Campbell v. Carpenter*, 279 Or. 237, 566 P.2d 893, 896 (1977). See also R. Erwin, *Defense of Drunk Driving Cases* § 15.01 et seq. (3d Ed.1984); E. Cleary, *McCormick on Evidence* § 205(A) (3d Ed.1984); and S. Gard, *Jones on Evidence* § 14.37 (6th Ed. 1972).[15]

■ This authority leads us to conclude that evidence concerning Mr. Lane's blood alcohol concentration and properly admitted expert testimony concerning the conclusions that can be drawn from the results of the blood alcohol concentration test are relevant to the question of whether Mr. Lane was visibly intoxicated while at Chuggers. Using the tolerant standard required when considering the evidence used to oppose a motion for summary judgment, we find that the proof relating to Mr. Lane's blood alcohol concentration, when viewed together with the other proof, creates a material factual dispute thereby rendering a summary judgment inappropriate.

The trial court's decision to grant Holiday Inns, Inc. a summary judgment is, therefore, reversed, and the case is remanded for further proceedings.

The costs of this appeal will be taxed to Holiday Inns, Inc. and its surety for which execution, if necessary, may issue.

TODD, P.J., and CANTRELL, J., concur.

---

**14.** See also *State v. Moore*, 245 N.C. 158, 95 S.E.2d 548, 550–51 (1956) and 2 J. Wigmore, *Evidence in Trials at Common Law* § 235 (J. Chadbourn Rev.1979).

**15.** See also *State v. Wheeler*, 120 N.H. 496, 416 A.2d 1384, 1385–86 (1980); *Dick v. Molitor*, 305 Minn. 390, 234 N.W.2d 583, 585 (1975); *McGary v. State*, 421 N.E.2d 747, 751 (Ind.App.1981); and *Tutt v. State*, 128 Ga.App. 636, 197 S.E.2d 432, 433 (1973) (Eberhardt, J., concurring). But see *Schwarzbach v. Dunn*, 252 Pa.Super. 454, 381 A.2d 1295 (1977).