Gary WORLEY and Phyllis Worley, Individually and as Conservators for the Estate of Phillip Worley, Plaintiffs–Appellees,

v.

WEIGELS, INC., Defendant–Appellant.

Supreme Court of Tennessee,
at Knoxville.

March 25, 1996.

Rehearing Denied April 22, 1996.

George F. Legg, Becky H. Halsey, Stone and Hinds, P.C., Knoxville, for Plaintiffs–Appellees.

Darryl G. Lowe, Lisa A. Lowe, Lowe, Shirley and Yeager, Knoxville, for Defendant–Appellant.

## *OPINION*

REID, Justice.

This case presents for review the liability of a seller of alcoholic beverages to a person under 21 years of age.[1]  The trial court

---

1. For the purpose of this opinion, no distinction is made between a "minor" and a "person under 21 years of age."

granted summary judgment of no liability to the seller. The Court of Appeals reversed on the finding that the case presents issues for the jury. This Court finds that, pursuant to public policy expressly declared by the legislature regarding liability for the sale of intoxicating liquors, the seller in this case is not liable for the injuries alleged, as a matter of law.

I

For purposes of summary judgment, the facts are not in dispute. At about 2:50 a.m. on September 8, 1991, the plaintiffs' child, Phillip Worley, sustained serious and permanent personal injuries when the vehicle in which he was riding as a guest passenger and which was being operated by Anthony Kaiser, crashed into a utility pole while traveling at a high rate of speed.

On the prior evening, Worley, Kaiser, Scott Goosie, and several of their friends, all of whom were under 21 years of age, gathered at the residence of one of the group whose parents were away from home. During the evening, Goosie and Worley were dispatched to a store owned by the defendant, Weigel's, Inc., to purchase beer. Goosie, who was 20 years of age at the time, purchased a substantial quantity of beer. He purchased the beer without showing or being asked by the clerk to show any evidence of his age. Goosie did not drink any beer during the evening. However, Kaiser became intoxicated from drinking beer purchased by Goosie. While en route from the party, with Worley as a passenger, Kaiser, because of his intoxication, lost control of his vehicle and the collision resulted.

Worley's parents, individually and as his conservators, sued the defendant and alleged as a cause of action the violation of the provisions of Tenn.Code Ann. §§ 57–4–203(b)(1) and 57–5–301(c) (Supp.1995).[2]

The defendant denied liability and as affirmative defenses plead the following: Worley was negligent in obtaining and consuming alcohol, riding in a vehicle with an obviously intoxicated driver, and participating in the illegal purchase of alcohol; damages should be reduced under comparative negligence; the damages allegedly sustained were caused or contributed to by the negligence of Kaiser, and any recovery should be diminished by the percentage of negligence attributable to said non-party; the damages were caused or contributed to by the negligence of Goosie, and any recovery should be diminished by the percentage of negligence attributable to said non-party; and Tenn.Code Ann. § 57–10–101 (1989) and Tenn.Code Ann. § 57–10–102 (1989) prevent recovery against the defendant.[3]

The trial court granted the defendant's motion for summary judgment. That court held that Tenn.Code Ann. § 57–10–101, in a clear statement designed to protect the sellers of alcoholic beverages, provides that the consumption of alcoholic beverages, rather than the sale, is the proximate cause of injuries inflicted by an intoxicated person. The court further held that under Tenn.Code Ann. § 57–10–102, one who sells alcoholic beverages to a minor may be liable if the seller had actual or constructive knowledge that the purchaser was under 21 years of age, but then only if the injury is caused by the purchaser's consumption of the beverage.

The Court of Appeals agreed with the trial court's decision that the imposition of liability does not require actual knowledge that the purchaser was under 21, but reversed the summary judgment, finding that Tenn.Code Ann. § 57–10–102 does not limit the seller's liability to injuries caused by the purchaser's consumption of the alcoholic beverages and, further, that the seller in this case is estopped from denying that Worley's injuries were caused by the purchaser Goosie. Those

2. "Any licensee or other person who sells, furnishes, disposes of, gives, or causes to be sold, furnished, disposed of, or given, any alcoholic beverage to any person under twenty-one (21) years of age is guilty of a Class A misdemeanor." Tenn.Code Ann. § 57–4–203(b)(1) (Supp.1995).

"It is unlawful for the management of any place where any beverage licensed hereunder is

sold to allow any minor to loiter about such place of business, and the burden of ascertaining the age of minor customers shall be upon the owner or operator of such place of business." Tenn.Code Ann. § 57–5–301(c) (Supp.1995).

3. These sections are set forth on page 592–593, infra.

same issues are before this Court for decision.

## II

Rule 56.03 of the Tennessee Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The issues presented are determined by the meaning of Sections 57–10–101 and 57–10–102. "[C]onstruction of [a] statute and application of the law to the facts [are questions] of law." *Beare Co. v. Tennessee Dept. of Revenue,* 858 S.W.2d 906, 907 (Tenn.1993). It follows that the issues presented are questions of law raised by the motion for summary judgment. Consequently, the scope of review is *de novo* with no presumption of correctness. *See* Rule 13(d), T.R.A.P.; *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87, 91 (Tenn.1993).

## III

The first issue is whether a seller may be held liable for injuries caused by an intoxicated minor who consumed alcoholic beverages furnished by another minor who purchased the beverages from the seller. The defendant contends that the statutes prohibit recovery unless the buyer consumes the beverage and, as a direct result of that consumption, causes injury. The plaintiffs contend that liability extends to injuries caused by other minors where it was reasonably foreseeable that the other minors would consume the alcoholic drink. Their position is that, even though Tenn.Code Ann. § 57–10–101 limits proximate causation generally, Tenn.Code Ann. § 57–10–102 preserves its usual application in the two particular situations set forth in the statute, sales to minors and sales to intoxicated persons.

In *Brookins v. The Round Table, Inc.,* 624 S.W.2d 547 (Tenn.1981), the Court summarized the development of the law at that time:

At common law, an individual who sold or furnished alcohol to another generally was held not to be liable for damages resulting from the other's intoxication, even if those damages were foreseeable, in part because the other's acceptance and use of the intoxicants was considered an independent intervening cause, cutting off any liability. Today, even in the absence of statutes prohibiting the sale of intoxicating beverages to a minor or to an intoxicated person, courts generally recognize that the furnishing of intoxicants may be the proximate cause of an injury resulting from intoxication, the negligence consisting of the creation of a situation or condition which involves unreasonable risk because of the foreseeable action of another.

*Id.* at 549 (citations omitted). Reversing the lower court's grant of summary judgment, the *Brookins* court stated, "[W]hether the sale of intoxicants is the proximate cause of subsequent injuries is essentially a question of foreseeability...." *Id. Brookins* noted the purpose of the legislation prohibiting the sale of alcohol to minors:

These broad prohibitions are intended not only to protect minors from the folly of their own actions, but are for the protection of members of the general public as well. They are directed to minors as a class in recognition of their susceptibilities and the intensification of dangers inherent in the consumption of alcoholic beverages, when consumed by a person lacking in maturity and responsibility.

*Id.* at 550. Under the *Brookins* decision, the plaintiffs' cause of action in the present case would survive summary judgment, and the issue for the jury to decide would be whether the injury sustained by Worley was reasonably foreseeable.

However, Title 57, Chapter 10, of the Tennessee Code, entitled "Alcohol–Related Injuries", replaced the rule stated in *Brookins.* Section 57–10–101 (1989) provides:

The general assembly hereby finds and declares that the consumption of any alcoholic beverage or beer rather than the furnishing of any alcoholic beverage or beer is the proximate cause of injuries inflicted upon another by an intoxicated person.

Section 57–10–102 provides:

Notwithstanding the provisions of § 57–10–101, no judge or jury may pronounce a

judgment awarding damages to or on behalf of any party who has suffered personal injury or death against any person who has sold any alcoholic beverage or beer, unless such jury of twelve (12) persons has first ascertained beyond a reasonable doubt that the sale by such person of the alcoholic beverage or beer was the proximate cause of the personal injury or death sustained and that such person:

(1) Sold the alcoholic beverage or beer to a person known to be under the age of twenty-one (21) years and such person caused the personal injury or death as the direct result of the consumption of the alcoholic beverage or beer so sold; or

(2) Sold the alcoholic beverage or beer to an obviously intoxicated person and such person caused the personal injury or death as the direct result of the consumption of the alcoholic beverage or beer so sold.

■ With the enactment of these statutes, the legislature made a definite distinction between the basis for civil liability and the basis for criminal liability incident to the sale of alcoholic beverages. These statutes, rather than the duties imposed by criminal statutes,[4] determine the civil liability of the seller. These statutes declare that the "consumption" rather than the "furnishing of" intoxicating beverages is deemed the "proximate cause of injuries inflicted" by the intoxicated person, except that a sale may be deemed to be the proximate cause when the sale is to a person known to be a minor and whose consumption causes the injury or to a person who is "obviously intoxicated" and whose consumption caused the injury. Since the purchaser in this case did not consume the beverage purchased, the accident was not caused by the purchaser's consumption of the beverage. Therefore, there is no liability on the seller.

■ The second issue also precludes recovery and requires the grant of summary judgment. That issue is the meaning of the phrase "known to be under the age of twenty-one (21) years." The trial court found that Section 57–10–102(1) does not require

actual knowledge, and that, where reasonable inquiry is not made as to the age of the buyer, the seller will be deemed to have constructive knowledge that the buyer is a minor. The Court of Appeals agreed. Nevertheless, that construction is not permitted by the plain language of the statute. Under the statute, an action will not lie against a seller of intoxicating beverages unless it is proved beyond a reasonable doubt that the seller knew that the purchaser was a minor and sold intoxicating beverages to him or her anyway.

■ "Generally, statutes in derogation of the common law are to be strictly construed and confined to their express terms...." *Ezell v. Cockrell,* 902 S.W.2d 394, 399 (Tenn.1995). However, "[t]he most basic principle of statutory construction is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *Owens v. State,* 908 S.W.2d 923, 926 (Tenn.1995); *State v. Sliger,* 846 S.W.2d 262, 263 (Tenn.1993). "When the words of a statute are plain and unambiguous, the assumption is 'that the legislature intended what it wrote and meant what it said.' The pertinent language must be [applied] 'without any forced or subtle construction extending its import.'" *McClain v. Henry I. Siegel Co.,* 834 S.W.2d 295, 296 (Tenn.1992) (citations omitted). These statutes are models of clarity. Construction or interpretation of their plain language would be an exercise in obfuscation.

Even if the meaning of the statutes was not clear, the legislative history demonstrates a legislative intent to protect sellers from liability in the situation presented in this case. The legislative history reveals that the bill enacting the two statutes was promoted by the Tennessee Hotel/Motel Association to insulate the sellers of intoxicating beverages from suits for injuries caused by their patrons. The Senate sponsor stated during the discussion of the proposed legislation:

I guess I feel like a person should be responsible for his own actions and no

---

4. *See e.g.,* Tenn.Code Ann. §§ 57–3–406(d), 57–3–412(a)(1), 57–4–203(b), and 57–5–301(a), (c)

(Supp.1995).

other people.... What the bill does now was say that in 2 exceptions, that except in the cases of serving to a minor or serving to an obviously intoxicated person, that the establishment serving alcoholic beverages should not be held liable. Many, many cases have come to us this year whereby the establishments, restaurants, or lounges cannot obtain insurance at any cost.

With regard to the issue of intent, the following explanation was given:

> If this bill passes as it has been written, you have involved the intent in the law of sale to minors. I have to know he is a minor. I have to intend that he had it as a minor otherwise, you are not going to be able to recover.

The legislative intent was that the seller's penalty for selling to minors would be sanctions other than civil liability. The sponsor stated further:

> On the minor situation, I think that the providers of alcoholic beverages have an absolute deterrent to sell to minors because they can lose their license and be put out of business if they sell to a minor.

The bill was debated extensively. The cost to society of protecting sellers of intoxicating beverages was discussed. In opposition to the proposed legislation, the legislature was presented with a case similar to the present one, a mother of three small children sustained severe brain damage as the result of injuries caused by an intoxicated driver. The testimony before the legislature showed that the woman would not have recovered damages from the seller had the proposed statute been in effect, and the victim, therefore, would have become a ward of the state.

Nevertheless, the legislation was enacted, and the clear conclusion is that the legislature intended that civil liability for the sale of alcoholic beverages to a minor may not be imposed on the seller unless the seller knew that the purchaser was a minor, and the minor who purchased the beverage also consumed it and thereby directly caused the accident. This record does not support these conditions necessary for the imposition of liability upon the seller of the alcoholic beverage.

█ The third issue presented is whether the Court of Appeals erred in finding that the seller was estopped from denying that Goosie caused the injuries to Worley. In its order granting summary judgment to the defendant, the trial court ruled that Goosie did not cause the injury. The Court of Appeals reversed the trial court, finding that the defendant was estopped from denying that Goosie was a cause of the injuries. The court stated:

> [T]he trial court held that Scottie Goosie did not cause the injury to Phillip Worley, but rather gave the beer to another minor who did cause the injury. Defendant has acknowledged, however, that Scottie Goosie's action did in fact constitute a cause of Phillip Worley's personal injuries. In its answer to the complaint, Weigel's asserted:
>
> > No. 13 For its fourth affirmative defense, the defendant alleges that the injuries and damages allegedly sustained by the plaintiff were caused or contributed to by the negligence of Scott Goosie....

█ As required by Rule 8.03 of the Tennessee Rules of Civil Procedure, the defendant set forth as affirmative defenses the comparative fault of Worley, Kaiser, and Goosie, in order to limit its potential liability under comparative fault principles. *See Riddings v. The Ralph M. Parsons Co.*, 914 S.W.2d 79, 83–84 (Tenn.1996) [slip op. at 12]. The defendant also averred as an affirmative defense that the consumption of the beer was the proximate cause of the injuries inflicted on Worley. These obviously are alternative pleadings which are allowed under Rule 8.05(2). An alternative pleading may not be used as an admission. *See Anthony v. Tidwell*, 560 S.W.2d 908, 910 (Tenn.1977).

### IV

The judgment of the Court of Appeals is reversed, and the trial court's order granting summary judgment is reinstated.

Costs are adjudged against the plaintiffs.

ANDERSON, C.J., and DROWOTA, BIRCH and WHITE, JJ., concur.