CARTER *v.* KELSEY WHEEL CO.

(*Nashville*, December Term, 1934.)

Opinion filed Jan. 12, 1935.

R. C. BUSBY, of Memphis, for plaintiff in error.

JOHN D. MARTIN, JR., of Memphis, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Petitioner insists that as the result of spraining his back on September 9, 1929, while engaged in lifting a motor for his employer, defendant, he has become totally and permanently disabled from engaging in any gainful occupation. The trial court, after hearing the testimony, concluded that the petitioner was not suffering any disability as a result of the injury complained of and dismissed his suit.

██ Petitioner's claim is based upon his testimony that due to pain on the left side of his back he is unable to work. To the physician, appointed by the court to make an examination, petitioner stated that he suffered pain on the right side of his back. Petitioner introduced no medical testimony to support his claim. Three physicians, who have examined petitioner, had him X-rayed, etc., testified that they could find nothing that would cause pain, and gave it as their opinion that petitioner's pain, if in fact he has any, is mental, and not attributable to the injury received on September 9. Such testimony is competent. 22 C. J., 661, 668. Hence, it cannot be said that there is no evidence to support the finding of the trial court.

█ Counsel for petitioner contends that since the petitioner knows better than any other person whether his back pains him, the court should blindly accept his testimony, notwithstanding his conviction from all the facts

and circumstances appearing that the petitioner is either malingering or has an imaginary ill. Such is not the law, and it would be exceedingly unfortunate if it were, because any discharged employee could feign an injury and unjustly obtain compensation from his employer. The determination of a fact is arrived at from all of the testimony and surrounding circumstances, and no rule of evidence, of which we are aware, requires the court to arbitrarily accept the testimony of an interested witness, although not directly impeached, when from a consideration of all the evidence a different conclusion is reached from that testified to by such witness.

Error is also assigned upon alleged improper conduct of the trial court, which is unsupported by the record, and which is not of sufficient importance to merit further consideration.

It is unnecessary to cite the numerous decisions of this court holding that the finding of the trial court will not be disturbed if there is any evidence to support it. There being material evidence in this case, as pointed out above, it results that the judgment of the trial court must be affirmed.