TIPTON *v.* NORTH AMERICAN RAYON CORPORATION.

(*Nashville,* September Term, 1943.)

Opinion filed July 1, 1944.

W. J. CARTER and GEO. N. BARNES, both of Johnson City, for petitioner-appellee.

J. H. HODGES, of Knoxville, for defendant-appellant.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is a compensation suit in which the chancellor, after a full hearing, awarded the petitioner, Bascom Tipton, compensation for temporary total disability for a period of twenty-seven and three-sevenths weeks at $18 per week, amounting to the sum of $493.71. There was a motion for a new trial which was overruled and this appeal resulted.

The defendant, North American Rayon Corporation, insists: First, that the proof is at material variance

with the petition; and second, that there is no material evidence to sustain the award.

It is insisted under the first proposition that the petitioner averred that he was injured as the result of a lift or pull, while he testified that when he took hold of his car and stooped over some of the boys pushed their cars and knocked him over. The petitioner was employed as a spinner in the defendant's plant, and the variance complained of is the slight variance between the averment that he was hurt in the act of pushing his truck, while he testified that he was hurt while in the act of taking hold of his truck by another truck being pushed into him.

The defendant relies upon this proposition on the case of *Phillips* v. *Diamond Coal Min. Co.*, 175 Tenn., 191, 133 S. W. (2d), 476, in which this Court held that the chancellor properly excluded testimony concerning an injury not alleged in the petition. The Court further held that in a compensation proceeding the petition should state the nature of the injury so as to advise the employer of the nature of the claim and enable him to prepare to meet it.

In that case the Court also held that under the allegations of the petition Phillips was only entitled to compensation for the loss of a leg. No other injury was alleged, but Phillips offered to prove an injury to his back, a paralysis of the muscles of the abdominal wall, injury to the sacroiliac joints, and serious impairment of the nervous system, which injuries, in conjunction with the loss of the leg, caused him to be totally permanently disabled. Objection was timely made to showing any injuries other than to the leg and was sustained

by the chancellor. This Court affirmed the decree of the chancellor on the ground that the attempted proof of other material injuries was properly excluded.

We have no such case here. In the instant cause the variance was slight and inconsequential. We think the defendant was fully put on notice as to the injury received.

This brings us to the second proposition that there is no material evidence to support the findings of the chancellor. The chancellor filed a written memorandum stating that he was much impressed by the testimony of Tipton and the truthfulness of his statement to the effect that he was struck in the back by a car or truck during the course of his employment as a spinner in the service of the defendant. Other witnesses corroborated the petitioner to the effect that immediately thereafter he was suffering excruciating pain, and the proof further shows that he suffered from this injury for the full time covered by the award.

The testimony of the defendant consisted of evidence given by four physicians to the effect that the petitioner's suffering was the result of the passing of a kidney stone, kidney colic, or some kindred ailment. These physicians did not say that the injuries might not have been caused by the blow.

■ It has been held in this State that in compensation cases the Court will not try the questions of fact *de novo*. *Mullins* v. *Tennessee Stave & Lbr. Co.*, 155 Tenn., 132, 290 S. W., 975.

■ This Court will not disturb the findings of the trial court on questions of fact in compensation cases. *Ware* v. *Illinois Cent. R. Co.*, 153 Tenn., 144, 281 S. W., 927; *Bon*

*Air Coal & Iron Corp.* v. *Johnson,* 153 Tenn., 255, 283 S. W., 447.

We have also held that where there is any material evidence to support the trial court's findings of fact as to an employee's disability, the judgment thereon must be affirmed. *Fred Cantrell Co.* v. *Goosie,* 148 Tenn., 282, 255 S. W., 360; *Milne* v. *Sanders,* 143 Tenn., 602, 228 S. W., 702; *American Zinc Co.* v. *Lusk,* 148 Tenn. 220, 255 S. W., 39.

Here the chancellor was satisfied with the testimony of the petitioner and there is certainly material evidence to support the award, and under the authorities above cited it will not be disturbed.

The allegations in petitions in compensation cases as to the nature of the injuries are not required to be as definite as in common-law cases. The authorities cited by counsel for the defendant pertain to actions in common-law cases.

It is also insisted that the petitioner failed to give notice of the injury within thirty days of the accident and the injury claimed to have been received.

It was shown by defendant's witnesses that representatives of the defendant became fully aware of the alleged injury, and the record is replete with evidence showing the lack of necessity of more formal notice, such as treatment at first aid by the defendant's doctor, knowledge on the part of the supervisor of the spinning department, by the head operator of the spinning department, and by the assistant personnel director. No objection or question was made at the hearing as to the notice.

It has been held by this Court that under the Compensation Act the reasonableness of the excuse for failure

to give written notice of the accident is a question pecutiarly for the trial judge. *Marshall Construction Co.* v. *Russell*, 163 Tenn., 410, 43 S. W. (2d) 208; *Washington County* v. *Evans*, 156 Tenn., 197, 299 S. W., 780.

It results that all of the assignments of error will be overruled and the decree of the chancellor will be affirmed.