## Lᴇᴇ *v.* Aʟᴜᴍɪɴᴜᴍ Co.

### (*Knoxville,* September Term, 1946.)

Opinion filed January 11, 1947.

DRINNAN & DRINNAN, of Maryville, for appellant.

GODDARD & GAMBLE, of Maryville, for appellee.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is a suit under the Workmen's Compensation Act. Williams Code, sec. 6851 *et seq*. The chancellor found for the defendant and this appeal resulted. While engaged in her duties on October 5, 1943, Miss Lee sustained injuries which grew out of and in the course of her employment by the defendant. She suffered a fracture of her right femur. The defendant having furnished medical treatment and hospitalization for 34 weeks amounting to $612 denies further liability.

It seems that in taking care of Miss Lee's fracture and setting it the attending physician and surgeons used what is known as the open reduction method by the application of a plate and screws. These screws passed through the plate and through the bone. The cast was removed after two months and about three months later the attending physician released the patient.

Four physicians testified for the defendant that the operation and treatment, as well as the success of the operation, could hardly be improved upon. They also testified

that there is nothing to cause a limp by reason of the fracture and the plate placed against the bone.

The contention of complainant, supported by lay witnesses, is that she limps and her leg and hip pain her when she walks. It appears that she went back to work but only worked for two days and quit.

It has been repeatedly held by this Court that compensation cases are not triable *de novo* upon appeal. *Mullins* v. *Tennessee Stave & Lbr. Co.*, 155 Tenn. 132, 290 S. W. 975.

In the instant cause the chancellor was of the opinion that under the proof Miss Lee had recovered, and there is certainly material evidence in the record to support this view.

Where there is material evidence to support the trial court's findings of fact, the judgment will not be disturbed upon appeal. *Tipton* v. *North American Rayon Corp.*, 181 Tenn. 434, 181 S. W. (2d) 619.

In *Carter* v. *Kelsey Wheel Co.*, 168 Tenn. 262, 263, 264, 77 S. W. (2d) 449, this Court said:

"Petitioner's claim is based upon his testimony that due to pain on the left side of his back he is unable to work. To the physician, appointed by the court to make an examination, petitioner stated that he suffered pain on the right side of his back. Petitioner introduced no medical testimony to support his claim. Three physicians, who have examined petitioner, had him X-rayed, *etc.*, testified that they could find nothing that would cause pain, and gave it as their opinion that petitioner's pain, if in fact he has any, is mental, and not attributable to the injury received on September 9. Such testimony is competent. 22 C. J., 661, 668. Hence, it cannot be said that there is no evidence to support the finding of the trial court.

"Counsel for petitioner contends that since the petitioner knows better than any other person whether his back pains him, the court should blindly accept his testimony, notwithstanding his conviction from all the facts and circumstances appearing that the petitioner is either malingering or has an imaginary ill. Such is not the law, and it would be exceedingly unfortunate if it were, because any discharged employee could feign an injury and unjustly obtain compensation from his employer. The determination of a fact is arrived at from all of the testimony and surrounding circumstances, and no rule of evidence, of which we are aware, requires the court to arbitrarily accept the testimony of an interested witness, although not directly impeached, when from a consideration of all the evidence a different conclusion is reached from that testified to by such witness."

In 32 C. J. S., Evidence, sec. 534, it is said:

"In the field of medical knowledge, a wide range is necessarily allowed in the reception of the inferences of observers and the judgments of experts. A person skilled in matters of medicine or physiology may state his inference or judgment with respect to the physical condition of another person, and what certain observed conditions indicate; what an ordinary physician of the locality holding himself out as able to read X-ray pictures could or should have seen in such pictures of an injury; as to the existence of a disease or injury, or as to the nature or extent of an injury; but a witness will not be allowed to characterize the injuries observed by him, as that they are 'very serious.'

"A physician may state his diagnosis of a disease, as of bodily or nervous symptoms, the occurence of a change, and the stage of development of a disease. Whether certain conduct is consistent with having received

certain injuries, and whether a given operation was necessary, may be stated by a sufficiently qualified witness.

"*Only the inference of the witness himself* can be stated; a statement of the opinion of other physicians with whom he acted in the case is objectionable as hearsay. However, in certain cases a physician has been permitted to give in evidence statements or opinions of third persons. . . .

"A sufficiently qualified witness may testify as to whether certain detailed occurrences would be a natural, sufficient, probable, or possible cause of a certain physical result or of death. Further, a medical witness may state what would be a sufficient cause for a given result, whether a given condition could have resulted from a specified injury or could have resulted from a specified neglect, or would be likely so to result, or could have been caused by a certain weapon. The witness may state what he should judge was the cause of certain symptoms under given circumstances; and which among several possible causes was the probable or proximate one.

"A medical expert may not, it has been held, state whether a given cause will or will not produce a given bodily result. Where a physician, in an action for personal injuries, testified as to the condition of plaintiff three years after the injury his testimony as to whether the condition described could result from a fall has been held inadmissible.

"*Opinion as to actual cause.* On the ground that the testimony would invade the province of the jury, it has been held in some cases that the witness may not testify what specific occurrences actually caused a particular condition; whether a given cause produced a given bodily result in a given case; or whether detailed circumstances actually produced the injury or death.

"On the other hand, it has been stated that the distinction made in cases which permit a doctor to state what might have caused plaintiff's injuries but do not permit him to state that, in his opinion, a particular accident caused his injury is of doubtful significance and too fine and fanciful as a practical matter; and in a large number of cases the expert has been permitted to state his inference as to the cause of certain injuries, of an observed physical condition, or, according to the decisions on the subject, of the death of a perosn, particularly where an injury or disease is of such character as to require a person skilled in the science or practice of medicine to determine its cause. Such expert may also be permitted to state his inference as to how recent a stated cause was, or in what order stated causes occurred." See *National Life & Accident Ins. Co.* v. *Follett,* 168 Tenn. 647, 80 S. W. (2d) 92.

■ ■ All the medical testimony in the instant cause (four physicians) shows that complainant had recovered from her injuries. The evidence introduced by the complainant tends, at most, to show only subjective symptoms.

It results that there is no error in the decree of the chancellor and it is affirmed.