Boyd A. Skelf

*v.*

Mitchell Industrial Tire Company.

(*Knoxville,* September Term, 1957.)

Opinion filed June 6, 1958.

C. Alex Meacham, Chattanooga, for appellant.

Whitaker, Hall & Haynes, Chattanooga, for appellee.

562

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is a workmen's compensation suit wherein the petitioner below, Boyd A. Skelf, sued his employer, Mitchell Industrial Tire Company, for an alleged injury to his back arising out of the course of his employment on November 19, 1956.

The defendant made no question as to the employment of petitioner, as to the happening of an accident, as to notice to the defendant, or as to a brief period of temporary disability. The trial of the case related itself to the question as to whether or not the injury resulted in any disability other than the two weeks' disability for which the petitioner was paid.

The trial judge dismissed petitioner's suit.

The proof showed that the petitioner was an employee of the defendant doing manual labor which required some lifting on his part. For about six weeks prior to the date of the injury, the petitioner's hip and back had been giving him considerable trouble from soreness occasioned by his employment. On November 19, 1956, while lifting

a grinding drum out of some water, the petitioner sustained a sharp pain to his back and was sent to Doctor William J. Sheridan, who examined him and hospitalized him in Erlanger Hospital in Chattanooga. On November 21st X-rays were made of the back. These X-rays were read by Doctors Revis and Sheridan. These X-rays did not reveal any injury to the bony structure of the lower back. Petitioner remained in Erlanger Hospital from November 27, 1956, to December 7, 1956, at which time he was dismissed by Doctor Sheridan as being able to return to light work.

On December 3, 1956, Doctor Warren Kimsey examined the petitioner and read the X-rays at Erlanger Hospital. It was Doctor Kimsey's conclusion from his examination and a reading of these X-rays that the petitioner had no injury, that he was suffering from poor posture. These X-rays were studied by three competent physicians, Doctors Revis, Sheridan and Kimsey, the latter, Doctor Kimsey, being employed by the petitioner. All three of these doctors concurred in their finding that the petitioner had a muscular sprain or strain for which he was sufficiently recovered. The petitioner returned to light work on December 10, 1956, and after working two days was fired for unsatisfactory work.

The defective condition of the petitioner did not appear until January 19, 1957, when Doctor Cannon made his X-rays and from the proof it is indicated that the congenital defect from which the petitioner was suffering was such that a forward slipping of the vertebra could have occurred from almost any slight strain.

The proof was clear that the forward slipping did not occur by reason of the accident on November 19, 1956,

since it did not appear on the X-rays of November 21, 1956.

We have repeatedly held that in compensation cases the findings of the trial court will not be disturbed on appeal if supported by any material evidence. *Milne v. Sanders*, 143 Tenn. 602, 228 S.W. 702; *McBrayer v. Dixie Mercerizing Co.*, 178 Tenn. 135, 156 S.W. 2d 408.

We not only think that there is material evidence to support the finding of the trial judge but that the preponderance of the evidence is also in favor of that finding.

It is insisted that the trial court was in error in overruling the petitioner's motion for a new trial based upon newly discovered evidence.

We have held that there is lodged in the trial judge, in considering a motion for a new trial, a broad discretion based upon newly discovered evidence and that this Court will not interfere with the exercise of the trial court unless diligence on the part of the movant is shown. *Zirkle v. Stegall*, 163 Tenn. 323, 43 S.W. 2d 192.

We think the evidence shows lack of diligence on the part of the petitioner in procuring the affidavit of Doctor W. Houston Price, prior to the trial of the case.

It also appears from Doctor Price's affidavit that his testimony is cumulative in corroboration of the testimony of Doctor Cannon, the petitioner's doctor, who testified at the trial.

It results that we find no error in the assignments of error and the judgment of the lower court is affirmed.