Elizabeth Reedy

*v.*

Mid-State Baptist Hospital.

359 S.W.2d 822.

(*Nashville,* December Term, 1961.)

Opinion filed May 4, 1962.

Petition for Rehearing Denied June 5, 1962.

WALTER CASEY, Nashville, for petitioner.

JOSEPH G. CUMMINGS, DAVIS, BOULT, HUNT & CUMMINGS, Nashville, for defendant.

MR. JUSTICE FELTS delivered the opinion of the Court.

Petitioner sued defendant for compensation for total and permanent disability she alleged had resulted from a back injury she had suffered August 8, 1959, while she was employed by defendant as a "scrub nurse." She claimed that as she was standing on a short foot stool, helping a surgeon lift a patient from an operating table to a stretcher, the "stool turned and she was thrown and her back severely twisted," causing the disability sued for.

Upon the trial, after hearing the testimony and considering it with the allegations of the petition, the Trial Judge found that petitioner had been fully compensated for such temporary disability as she had suffered from this injury of August 8, 1959, but had sustained no permanent disability from it, and he dismissed her petition.

Petitioner appealed in error and has assigned a number of errors insisting, among other things, that there

is no evidence to support the findings of the Trial Judge, that the evidence preponderates against such findings and in favor of petitioner's claim, and that the Court should have sustained her claim at least to the extent of 30% permanent partial disability to the body as a whole, and awarded her compensation therefor.

Petitioner had a prior injury to her back which she received in an automobile accident in September 1958. On September 16, 1958, she had been operated on for that injury by Dr. Charles M. Hamilton. It was "a ruptured lumboscral disc which was excised" by Dr. Hamilton. Testifying as her witness, he estimated that from that prior injury she retained a permanent partial disability of 25 to 30% to the body as a whole.

Later, she had trouble with her back described by her doctor as "recurrent episodes of sciatica, from her ruptured disc condition." One of these episodes occurred in August 1959, which was the injury complained of. Following this, she was off from work for 5 to 6 weeks, and was paid compensation and furnished hospitalization and medical expenses therefor; and she acknowledged such payment by signing a settlement agreement in satisfaction of her claim.

The record shows she was off from work on sick leave on a number of occasions from September 1958, until February 1960, when she claims to have suffered another injury to her back as she picked up some sheets on a shelf. Following this episode, she was off only two or three days, but made no claim for any compensation or expenses on account of it. In March 1960, her employment by defendant was terminated. At the time of the

trial she was employed by a doctor at approximately the same salary she had received from defendant.

Petitioner contends that an injured employee is entitled to be paid for the condition he is in after his last injury; that though petitioner's disability resulted from her prior injury, it is, nevertheless, compensable if it was contributed to or aggravated by her later injuries for which she sued. *Procter & Gamble Defense Corp. v. West,* 203 Tenn. 138, 142, 310 S.W.2d 175.

The trouble with this contention is that it is unsupported by the proof and contrary to the findings of the Trial Judge. Petitioner's witness Dr. Hamilton said that her pre-existing disability was not aggravated by the later episodes, the flare-up of sciatica in August, for which he saw her in October 1959, and the one in February 1960. He said:

"Q. But it was your opinion at that time on October 5th [1959], that she would make a recovery and you anticipated no permanent disability as a result of that flare-up of sciatica?

"A. It was my opinion that the recent episode had not contributed additional disability. I think she had a pre-existing disability.

"Q. Yes, and the same is true of the February, 1960 flare-up or recurrent pain in the hip and leg? That is true?

"A. Yes, I think so."

There was really no evidence to support petitioner's claim except her own testimony. But there were many material conflicts between it and her sworn petition and

the hospital records. In such circumstances, the Trial Judge, observing her manner and demeanor as a witness and considering the discrepancies in her testimony, was at liberty to disbelieve it, as he indicated he did. *Carter v. Kelsey Wheel Co.*, 168 Tenn. 262, 264, 77 S.W.2d 449.

"The determination of a fact is arrived at from all of the testimony and surrounding circumstances, and no rule of evidence, of which we are aware, requires the court to arbitrarily accept the testimony of an interested witness, although not directly impeached, when from a consideration of all the evidence a different conclusion is reached from that testified to by such witness." *Carter v. Kelsey Wheel Co.*, supra.

█ We have set forth above the material parts of the evidence, not to weigh it, that not being our province, but merely to show that there was substantial evidence to support the findings of the Trial Judge; and, this being true, such findings will not be disturbed. *Storie v. Taylor Supply Co.*, 190 Tenn. 149, 228 S.W.2d 94; *Skelf v. Mitchell Industrial Tire Co.*, 203 Tenn. 561, 314 S.W.2d 761.

Petitioner has raised a number of other matters in her assignments of error. We have carefully considered all of such matters and find them to be without merit. We think they do not require further discussion. The judgment of the Circuit Court is affirmed and the costs of the cause are adjudged against petitioner.

## On Petition to Rehear

█ Petitioner asks a rehearing upon the ground that her medical witness made an affidavit after the Trial Court's decision in which he undertook to explain his

testimony (quoted in our opinion, p. 823) so as "to revise this disability figure upward."

This affidavit, however, was stricken from the record by order of the Trial Court, and this action was not made a ground of the motion for a new trial. The matter, therefore, cannot be considered by us. *Adams v. Patterson,* 201 Tenn. 655, 301 S.W.2d 362; *Hyter v. Wheland Co.,* 207 Tenn. 127, 338 S.W.2d 571.

The petition to rehear is denied at petitioner's cost.