John Franklin JUSTICE, Plaintiff-Appellee,

v.

CONSOLIDATION COAL COMPANY, Defendant-Appellant.

No. 19555.

United States Court of Appeals, Sixth Circuit.

Feb. 5, 1970.

---

W. Keith McCord, Knoxville, Tenn., for defendant-appellant; Egerton, McAfee, Armistead & Davis, Knoxville, Tenn., of counsel.

Joseph B. Yancey, Knoxville, Tenn., for plaintiff-appellee; Joseph B. Yancey and Dennis L. Babb, Knoxville, Tenn., on the brief.

Before PHILLIPS, Chief Judge, CELEBREZZE, Circuit Judge, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

This action was brought by John Franklin Justice, an injured coal miner, under the Tennessee Workmen's Compensation Law, TCA Sec. 50–901 et seq. Jurisdiction is based upon diversity of citizenship.

Justice injured his back on July 9, 1967, while lifting a door that weighed about 350 pounds, resulting in a herniated disc. It is undisputed that this injury arose out of and in the course of his employment. Justice had worked in mines since childhood except for a period of about four years. He was 40 years old at the time of the injury, had a fifth grade education, was married and had seven children.

A laminectomy operation was performed. Justice returned to work on February 19, 1968, and in July 1968 sustained an injury to a foot. In the present action it is contended that he is totally and permanently disabled by reason of his back injury. The foot injury is not the subject of this litigation.

Two doctors testified. One expressed the opinion that there is a permanent partial disability of 20 per cent. The other doctor expressed the opinion that there is total and permanent disability as a result of the back injury. District Judge Robert L. Taylor found permanent partial disability of 75 per cent and entered judgment accordingly.

On appeal it is contended that the District Judge erred in admitting testimony concerning the foot injury, which is not the subject of this action, and that the effect of the foot injury was considered by the Court in arriving at the decision as to the extent of disability from the back injury.

The record shows that at the time the District Judge ruled the evidence of the foot injury to be admissible, he stated that this testimony would be considered in passing on the case. In his opinion, however, the District Judge based his adjudication expressly upon the back injury.

There is medical evidence in the record, which is competent under TCA Sec. 24–718, to the effect that at the time Justice was examined by a doctor on May 15, 1968, prior to his foot injury in July 1968, he was 100 per cent disabled. The extent of disability in workmen's compensation cases in Tennessee is a question of fact. On appeal the findings of the trial judge are conclusive where such findings are supported by any substantial or material evidence. Fidelity & Casualty Co. v. Treadwell, 212 Tenn. 1, 367 S.W.2d 470; Reedy v. Mid-State Baptist Hospital, 210 Tenn. 398,

359 S.W.2d 822; United States Rubber Products Co. v. Cannon, 172 Tenn. 665, 113 S.W.2d 1184.

■ Since the opinion of the District Judge shows that his judgment was based upon the extent of disability resulting from the back injury, we hold that no reversible error was committed in admitting testimony concerning the foot injury.

■ On oral argument appellant asserted that Justice has filed an action in a State court based upon his foot injury which conceivably might result in an adjudication of more than 100 per cent disability from the two injuries. This does not present an issue to be determined on the present appeal.

Affirmed.