Melvin McDOWELL and Judy McDowell, Plaintiffs/Appellants,

v.

Bruce MOORE, WTVC–TV, Inc., Freedom Newspapers, Inc., and Jim Lane, Defendants/Appellees.

Court of Appeals of Tennessee, Eastern Section.

May 20, 1992.

Permission to Appeal Denied by Supreme Court Dec. 28, 1992.

Ronald J. Berke, Chattanooga, for plaintiffs-appellants.

W. Ferber Tracy, E. Blake Moore and Shawn Kiser Hawk, Chattanooga, for defendants-appellees.

## OPINION

McMURRAY, Judge.

This is a defamation case. The plaintiff, Melvin McDowell, is a Captain with the Chattanooga Fire Department. The plaintiff, Judy McDowell is the wife of Melvin McDowell. The defendant, Bruce Moore, is a reporter for the defendant, WTVC–TV, a commercial television station. The defendant, Freedom Newspapers, Inc., is the parent corporation of WTVC–TV. The defendant, Jim Lane, is also an officer in the Chattanooga Fire Department.

Generally stated, the plaintiffs charge the defendants with having made defamatory statements relating to the plaintiff, Melvin McDowell, in news broadcasts made over T.V. station WTVC. For the purposes of this opinion, it is not necessary to set out the alleged statements. Suffice it to say that the allegations of the plaintiffs are sufficient to state a cause of action in defamation.

The defendants answered the allegations of the complaint and asserted, *inter alia*, the defense that the plaintiff was at all times material a public official or figure; that the

statements made were true; that the matters complained of were published without malice or other fault; and, as to the "media defendants", were protected by the United States Constitution and the Constitution of the State of Tennessee.

Each of the defendants filed or joined in a motion for summary judgment. The motions of all the defendants were sustained as to the plaintiff, Judy McDowell. The motions of the media defendants were likewise sustained as to the defendant, Melvin McDowell. The motion of the defendant, Jim Lane, was overruled. The claim against the defendant, Jim Lane, was compromised and dismissed by order entered September 18, 1991. Therefore, all claims have now been adjudicated in the trial court and the judgment granting the motions for summary judgment are final and appealable. Rule 54.02, Tennessee Rules of Civil Procedure.

The plaintiff, Melvin McDowell, has appealed from the judgment of the trial court granting the motion for summary judgment in favor of the "media defendants." He presents the following issues for our consideration:[1]

1. Is a fireman who supervised two individuals and has no policy making authority a public figure, when there is no proof in the record that he had any contact with the public?

2. If the plaintiff is a public figure, is there any evidence in the record to indicate malice?

■ The trial court specifically found, under the authority of *Press, Inc. v. Verran*, 569 S.W.2d 435, (Tenn.1978), that the plaintiff, Melvin McDowell, as an officer of the Chattanooga Police Department, was a public official. In *Press*, supra, the court was faced with the question of whether or not a junior social worker, employed by the Tennessee Department of Human Services, was a public

---

1. The appellees have stated the issues somewhat differently, i.e.:

   1. Has the plaintiff failed to establish the essential element of his case on which he bears the burden of proof by clear and convincing evidence at trial—that the reporter acted out of actual malice?

   2. Is a fireman and an officer in the City of Chattanooga Fire Department a public official?

   Our resolution of the issues raised by the appellants makes it unnecessary to treat these issues separately.

official. The court determined that she was. In so doing, the court noted:

> While the term "public official" has not been defined with precision, it causes us no particular concern. Generally the title and nature of the office will provide the answer. However, we find nothing magical, mysterious or mystical in the terminology. The occupant of any position in any branch of government who exercises any public function is subject to the *New York Times* rule [2] [*New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686, (1964)], as to all conduct in his official capacity or as to any conduct that might adversely affect his fitness for public office, if he has or "appears[s] to the public to have, substantial responsibilities for or control over the conduct of governmental affairs." *Rosenblatt, supra* [*Rosenblatt v. Baer*, 383 U.S. 75, 86 S.Ct. 669, 15 L.Ed.2d 597, (1966)].
>
> This does not necessarily apply only to high public position. Any position of employment that carries with it duties and responsibilities affecting lives, liberty, money or property of a citizen or that may enhance or disrupt his enjoyment of life, his peace and tranquility, or that of his family, is a public office within the meaning of the constitutional privilege.

The record in the case at hand reflects that at the time of the incident complained of, the plaintiff was either a Captain or a Deputy Chief in the Chattanooga Fire Department. His duties are not clearly established by the record. The plaintiff asserts in his affidavit opposing the motion for summary judgment that he does not make public policy and has no policy making authority. He further states that his *sole* responsibility with the Chattanooga Fire Department is the supervision of two other individuals. (Emphasis added).

■ Summary judgment is to be rendered by a trial court only when it is shown that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tennessee Rules of Civil Procedure, Rule 56.03. In ruling on a motion for summary judgment, the trial court and the Court of Appeals must consider the matter in the same manner as a motion for directed verdict made at the close of the plaintiff's proof, *i.e.*, all the evidence must be viewed in the light most favorable to the opponent of the motion and all legitimate conclusions of fact must be drawn in favor of the opponent. It is only when there is no disputed issue of material fact that a summary judgment should be granted by the trial court and sustained by the Court of Appeals. *Graves v. Anchor Wire Corp. of Tennessee*, 692 S.W.2d 420, (Tenn.App.1985); *Bennett v. Mid–South Terminals Corp.*, 660 S.W.2d 799, (Tenn.App.1983). Further, summary judgment for the defendant is not proper where, although the basic facts are not in dispute, there may be a good faith disagreement about the inferences to be drawn from the facts. *See Prescott v. Adams*, 627 S.W.2d 134, (Tenn.App.1981).

While we are of the opinion that the likelihood is great under the authority of *Press*, supra, that the plaintiff is a public official, we are further of the opinion that such a conclusion is not sufficiently established by the record, when viewed in the light of the above requirements, to support a summary judgment to that effect. While we recognize that the determination of whether a plaintiff is a public official, under ordinary circumstances, is a question of law, we simply note that the record before us fails to establish, with the requisite certainty, sufficient facts from which such a decision can be properly made on a motion for summary judgment.

■ Regarding the second issue, we are called upon to determine whether the affidavit of the defendant, Bruce Moore, wherein he deposed that he believed and continues to believe that the incidents described by him were true, is sufficient to establish a lack of malice. While such testimony, if accredited by a trier of fact, would be sufficient to support such a finding, we cannot agree that,

---

**2.** The *New York Times* rule generally stated is that a public official must prove that the defama-

tory statement was made with actual malice.

without more, such a finding is appropriate on motion for summary judgment.

In *Knapp v. Holiday Inns, Inc.*, 682 S.W.2d 936, (Tenn.App.1984), Judge Koch discusses at length the propriety of summary judgment when the credibility of an affiant is at issue. There it is said:

> Our courts have ... equated motions for summary judgment pursuant to Tennessee Rules of Civil Procedure, Rule 56 with motions for directed verdict. *Bennett v. Mid–South Terminals Corp.*, 660 S.W.2d 799, (Tenn.App.1983). Under state law, a directed verdict should not be granted if there is any doubt about the conclusions to be drawn from the evidence. *Sauls v. Evans*, 635 S.W.2d 377, (Tenn.1982) and *Redding v. Conally Ford, Inc.*, 662 S.W.2d 938, (Tenn.App.1983). Uncontradicted evidence will not entitle a party to a directed verdict, and by analogy to a summary judgment, when the credibility of the evidence has been called into question using one of the legal modes available to test the credibility of witnesses. *Carter v. Kelsey Wheel Co.*, 168 Tenn. 262, 77 S.W.2d 449 (1935); *Standard Oil Co. of Louisiana v. Roach*, 19 Tenn.App. 661, 94 S.W.2d 63 (1936); and *Sprankle v. Meyernick*, 4 Tenn.Civ.App. 515, (1913).

In this case, the credibility of the affiant, Bruce Moore is clearly in issue. Firstly, he is a party and his testimony must be weighed in the balance against his natural bias, prejudice or interest in the outcome of the case. Secondly, the record reflects that he knew that his primary source, Jim Lane, had recanted his statements about the plaintiff and then once again insisted on their truthfulness.

Perhaps the best rule regarding summary judgments, under circumstances such as these, is set out in *Knapp*, supra, where in quoting Judge Wisdom in *Croley v. Matson Navigation Co.*, 434 F.2d 73, (5th Cir.1970), it is said:

> The court should be cautious in granting a motion for summary judgment when resolution of the dispositive issue requires a determination of state of mind. Much depends upon the credibility of the witnesses testifying as to their own state of mind.

In these circumstances the jury should be given an opportunity to observe the demeanor, during direct and cross-examination, of the witnesses whose states of mind are at issue.

We agree entirely with the observations of Judge Wisdom. Accordingly, we are of the opinion that summary judgment should not have been granted. Thus, under the circumstances, as to the appellees, we reverse the judgment of the trial court. In so doing, we do not express any opinion on the merits of any issue other than to hold that the defendant is not entitled to judgment as a matter of law.

Costs are taxed to the appellees. This cause is remanded to the trial court for such other and further proceedings as may be necessary.

SANDERS, P.J. (E.S.), and GODDARD, J., concur.