IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 17, 2010 Session

## GWEN SHAMBLIN, ET AL. v. RAFAEL MARTINEZ

**Appeal from the Circuit Court for Williamson County**
**No. 09476     Robbie T. Beal, Judge**

---

**No. M2010-00974-COA-R3-CV - Filed April 13, 2011**

---

This defamation action arises out of the publication of a statement to an internet website. The trial court held that plaintiffs were unable to show actual malice in order to sustain defamation and false light invasion of privacy claims and granted summary judgment to the defendant. Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

Samuel J. Harris, Cookeville, Tennessee, for the appellants, Gwen Shamblin and Tedd Anger.

John O. Belcher, Nashville, Tennessee, and G. Philip Anderson, Brentwood, Tennessee, for the appellee, Rafael Martinez.

**OPINION**

Gwen Shamblin is the founder, leader, and spokesperson for Remnant Fellowship Church in Brentwood, Tennessee ("Remnant Fellowship"). Tedd Anger is a prominent member within Remnant Fellowship. On August 13, 2008, Rafael Martinez posted the following comment ("the Statement") making reference to Remnant Fellowship, Gwen Shamblin, and Tedd Anger on the internet website celebgalz.com:

An equally dangerous cult called Remnant Fellowship found itself under scrutiny when two of its members were arrested, tried and convicted of murdering one of their children when they followed the child-rearing

1

directions of the cult's leadership, self-anointed "prophetess" Gwen Shamblin and her sycophant lieutenant, Tedd Anger. When the members, Joseph and Sonya Smith went to trial, however, Remnant was able to cop a deal with prosecutors and avoid getting dragged into the murder trial.

As the Church Lady would say "How conVEEEEnient."

So that twisted woman Gwen Shamblin to this day strolls around from coterie to coterie in her little Southern cult hothouse, blindly followed by about 1100 or so people, many of whom are children who are just as vulnerable to the practical lifestyle excesses Shamblin advances as "God's Way" .. and who likely have endured abuses that would make you swallow hard.

Sad that it's only when children die in the horrific ways that cults set up for them that this issue EVER pierces the national conscience.
After all, Britney Spears lack of underwear and the premiere of the next action flick installment at the metroplex are far more important.

Murderous ministries are afoot everywhere. They are as American and home grown as mom, applie pie and McDonald's. The problem is everyone forgets about them when they drop off the front page - except the victims of these cults and those very few activists and ministers who can't let this evil be forgotten and who do what we can to get people out of these groups and aid them in getting a firm foundation on reality again.

On August 12, 2009, Gwen Shamblin and Tedd Anger ("Plaintiffs") filed suit against Rafael Martinez ("Defendant") for defamation and false light invasion of privacy. Plaintiffs alleged that the Statement "directly and indirectly state[d] that the Plaintiffs directed actions leading to the death of a child and further that the Plaintiffs negotiated a deal with prosecutors to escape justice. This statement is libelous and completely false." Plaintiffs claimed that the Statement was repeatedly published on other websites and damaged their reputations and potential incomes.

On September 24, Defendant filed an answer to the complaint. He admitted that he had posted the statement, but denied that the statement was false and asserted various affirmative defenses including that the statement: was an opinion; was true; was previously published and in the public domain; and that it was protected by the First Amendment to the United States Constitution and by Article I, Section 19 of the Tennessee Constitution. Thereafter, Defendant filed a motion for summary judgment, asserting that Plaintiffs were public figures and that the Statement was either true or contained assertions he reasonably

2

believed to be true when written.  Additionally, Defendant argued that other portions of the Statement were non-defamatory on their face, did not apply to Plaintiffs, and were expressions of personal opinion.

After a hearing, the trial court entered an order granting summary judgment to Defendant and dismissing the action with prejudice.  The court held that Plaintiffs were public persons and the Statement contained an opinion on matters of public discussion and debate.  It further held that Plaintiffs "[could not] and did not show actual malice as required for public figures" and that the matters in the Statement were "linked to televised news reports and/or public dialogue."  Plaintiffs appeal.

## I.  STANDARD OF REVIEW

Summary judgment may be granted only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Tenn. R. Civ. P. 56.04; *accord Penley v. Honda Motor Co.*, 31 S.W.3d 181, 183 (Tenn. 2000).  A defendant is entitled to a judgment as a matter of law "only when it affirmatively negates an essential element of the non-moving party's claim or establishes an affirmative defense that conclusively defeats the non-moving party's claim."  *Lewis v. NewsChannel 5 Network, L.P.*, 238 S.W.3d 270, 282 (Tenn. Ct. App. 2007) (citing *Byrd v. Hall*, 847 S.W.2d at 215 n. 5; *Cherry v. Williams*, 36 S.W.3d 78, 82–83 (Tenn. Ct. App. 2000)).  Because the resolution of a motion for summary judgment is a matter of law, we review the trial court's judgment *de novo* with no presumption of correctness.  *Blair v. West Town Mall*, 130 S.W.3d 761, 763 (Tenn. 2004).  In addition, we review the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences favoring the nonmoving party.  *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000).

This Court addressed the issue of summary judgment in defamation and false light cases where actual malice applies in *Lewis v. NewsChannel 5 Network, L.P.*, 238 S.W.3d 270 (Tenn. Ct. App. 2007).   In that case, this Court wrote:

> Summary judgments are particularly well-suited for false light and libel claims because the determination concerning whether the plaintiff is a public figure is a question of law, *see Ferguson v. Union City Daily Messenger, Inc.*, 845 S.W.2d 162, 166 (Tenn. 1992); *McDowell v. Moore,* 863 S.W.2d 418, 420 (Tenn. Ct. App. 1992), as is the determination of whether a public figure has come forward with clear and convincing evidence that the defendant was acting with actual malice. *Flatt v. Tenn. Secondary Schs. Athletic Ass'n,* No. M2001-01817-COA-R3-CV, 2003 WL 61251, at *3 (Tenn. Ct. App. Jan. 9,

2003); *Tomlinson v. Kelley*, 969 S.W.2d 402, 405 (Tenn. Ct. App. 1997); *Trigg v. Lakeway Publishers, Inc.*, 720 S.W.2d 69, 74 (Tenn. Ct. App. 1986). . . .

Accordingly, where the actual malice standard applies, the "burden is upon plaintiff to show with 'convincing clarity' the facts which make up the 'actual malice.'" *Trigg v. Lakeway Publishers, Inc.*, 720 S.W.2d at 75. Thus, "a public figure cannot resist a . . . motion for summary judgment under Tenn. R. Civ. P. 56 by arguing that there is an issue for the jury as to malice unless he makes some showing, of the kind contemplated by the Rules, of facts from which malice may be inferred." *Trigg v. Lakeway Publishers, Inc.*, 720 S.W.2d at 74. When reviewing a grant of summary judgment to a defendant in such a case, we must "determine, not whether there is material evidence in the record supporting [the plaintiff], but whether or not the record discloses clear and convincing evidence upon which a trier of fact could find actual malice." *Piper v. Mize*, No. M2002-00626-COA-R3-CV, 2003 WL 21338696, at *7 (Tenn. Ct. App. June 10, 2003) (No Tenn. R. App. P. 11 application filed).

*Lewis*, 238 S.W.3d at 283. In reviewing the trial court's grant of summary judgment to Defendant, we must determine "whether reasonable minds must agree that malice, as defined in the context of libel suits against public figures, has not been proven by clear and convincing evidence." *Hibdon*, 195 S.W.3d at 63 (citing *McCluen v. Roane County Times, Inc.*, 936 S.W.2d 936, 939 (Tenn. Ct. App. 1996)).[1]

## II. DISCUSSION

Plaintiffs identified the following portion of the Statement as the "defamatory statement":[2]

---

[1] The summary judgment analysis applicable when *Lewis* and *Hibdon* were decided was clarified in the Tennessee Supreme Court opinions in *Martin v. Norfolk Southern Railway Co.,* 271 S.W.3d 76 (Tenn. 2008) and *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1 (Tenn. 2008). We have reviewed those opinions in our resolution of the instant case and do not consider that the holdings in either case abrogate the holding of *Lewis* as to what the plaintiff must show in responding to a motion for summary judgment and of *Hibdon* as to the role of this Court in reviewing the grant of summary judgment.

[2] The Complaint quoted the entire wording of the Statement. In response to the motion for summary judgment, however, Plaintiffs identified the quoted excerpt from the Statement as the "defamatory statement." It appears, therefore, that Plaintiffs do not take issue with the remaining portion of the Statement. In any event, we see nothing in the remainder of the Statement that would alter our resolution of the issues in this appeal.

4

An equally dangerous cult called Remnant Fellowship found itself under scrutiny when two of its members were arrested, tried and convicted of murdering one of their children when they followed the child-rearing directions of the cult's leadership, self-anointed "prophetess" Gwen Shamblin and her sycophant lieutenant, Tedd Anger. When the members, Joseph and Sonya Smith went to trial, however, Remnant was able to cop a deal with prosecutors and avoid getting dragged into the murder trial.

To establish a *prima facie* case of defamation, Plaintiff must prove that (1) a party published a statement; (2) with knowledge that the statement was false and defaming to the other; or (3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement. *Hibdon v. Grabowski*, 195 S.W.3d 48, 58 (Tenn. Ct. App. 2005) (citing *Sullivan v. Baptist Mem'l Hosp.*, 995 S.W.2d 569, 571 (Tenn. 1999) (relying on Restatement (Second) of Torts § 580 B (1977))). In *West v. Media Gen. Convergence, Inc.*, 53 S.W.3d 640, 645 (Tenn. 2001), the Tennessee Supreme Court expressly recognized the tort of false light invasion of privacy as set forth in Section 652E of the Restatement (Second) of Torts.[3]

The *Hibdon* Court adopted the standard set forth in *New York Times Co. v. Sullivan*, 376 U.S. 254, 279–80 (1964)), that, where the plaintiff in a defamation case is a public official or public figure, he or she must also prove that the libelous statement was made with "'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not." *Hibdon*, 195 S.W.3d at 58 (citing *New York Times Co. v. Sullivan*, 376 U.S. 254, 279–80 (1964)). Likewise, the Court in *West* held that the standard at Section 652E(b), which mirrors the actual malice standard employed in *Hibdon* and *New York Times Co. v. Sullivan* for defamation cases, applies in false light invasion of privacy claims where the plaintiff is a public official or public figure or when the claim is brought by a plaintiff who is a private individual about a matter of public concern. *West*, 53 S.W.3d

---

[3] The definition of the tort from Section 652E of the Restatement (Second) of Torts is as follows:

One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if

(a) the false light in which the other was placed would be highly offensive to a reasonable person, and

(b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

Restatement (Second) of Torts § 652E (1977).

at 647. In this case, Plaintiffs stipulate that they are public figures; consequently, our focus is on whether "the record discloses clear and convincing evidence upon which a trier of fact could find actual malice." *Piper v. Mize,* No. M2002-00626-COA-R3-CV, 2003 WL 21338696, at *7 (Tenn. Ct. App. June 10, 2003).

We note initially that the language in the Statement and the excerpt refers to Remnant Fellowship as "an extremely dangerous cult" and contends that Remnant was able to "cop a deal with prosecutors and avoid getting dragged into the murder trial." Whether these assertions amount to actionable defamation is not a question we resolve. Remnant Fellowship is not a party to this suit and Plaintiffs do not purport to assert a claim on behalf of the Fellowship. *See Benton v. Knoxville News-Sentinel Co.*, 130 S.W.2d 106 (Tenn. 1939) (holding that the proper plaintiff in a libel action is the person directly defamed).

Defendant based the motion for summary judgment on both the defamation and false light claims on the contentions that Plaintiffs were "public figures" involved in a "public controversy," thereby requiring Plaintiffs to prove actual malice; that Plaintiffs could not prove actual malice; and that the assertions in the Statement were either true, expressions of opinion or not defamatory. In his affidavit filed in support of the motion, Defendant attached seven video recordings of news reports pertaining to Remnant Fellowship, various of its former and current members, and the finding of guilt of Joseph and Sonya Smith, who had been prosecuted for the beating death of their child. Defendant later filed a supplemental statement of stipulated and undisputed material facts setting forth stipulations that the parties had made in the course of discovery. Included among these were stipulations that Plaintiffs were both public figures and that the teachings of Remnant Fellowship—specifically its teachings on child discipline and corporal punishment—and "everything about Joseph Smith, Sonya Smith, Josef Smith, the death of Josef Smith, and the Smiths' criminal trial" were matters of public concern. Defendant also filed recordings of two conference calls Ms. Shamblin held with members of the Fellowship, one of which included a conversation with Sonya Smith. The parties stipulated to the authenticity of the audio and video tapes.[4]

The affidavit and exhibits filed in support of the motion for summary judgment negated the common element of both defamation and false light invasion of privacy—the requirement of actual malice. Defendant's affidavit detailed at length his history as a co-founder of Spiritwatch Ministries, whose mission is to "counter the influence and spread of spiritually deceptive and religiously abusive groups that exist in the Tennessee Valley." In 2002, in the course of his work with Spiritwatch, Defendant became familiar with Remnant Fellowship and became concerned that some of the teachings and practices of Remnant "not

---

[4] Plaintiffs made no objection to the admissibility of the news recordings or to the court's consideration of same in ruling on the summary judgment motion.

only contradicted orthodox Christian thought but advanced a dangerous social and spiritual elitism." As a pastor to some former members of Remnant, Defendant was concerned that the Remnant movement, which he characterized as "cultic", disrupted family relationships and "revolve[d] around what I believe to be illegitimate and unethical intrusion of Shamblin's authoritarian control into the family lives of Remnant membership." Further, the affidavit detailed the circumstances surrounding Defendant's learning of the death of Josef Smith, the prosecution of his parents, and Defendant's involvement in investigations by the Cobb County, Georgia, Sheriff's office and Phil Williams, an investigative journalist with television station WTVF in Nashville.

Defendant attested that the Statement was posted after the death of a child in Baltimore, Maryland, which he asserted to be "due to the teachings of a religious cult" known as One Mind Ministries; that he had no improper motives in posting the Statement but was intending to comment on matters of public concern and controversy; that any factual assertions were true or believed to be true and made in good faith; and that "[m]y belief in the truth of these assertions results from my inquiry, my attention to news stories concerning these issues, and my study of the public record." The affidavit and materials filed with it showed the Statement addressed a matter of public concern and that the assertions in the Statement were either Mr. Martinez's opinions, were true, or were reasonably believed to be true by him when written. The affidavit and the other materials filed in support of the motion demonstrated that the Statement was not written with reckless disregard of the truth or falsity of the matters asserted in it and, in his affidavit, Defendant specifically disclaimed knowledge that any matter asserted was false.

The affidavit and materials filed in support of the motion negated the element of actual malice that was essential to both of Plaintiffs' claims, thereby shifting the burden to Plaintiffs to produce evidence of specific facts establishing genuine issues of material fact on that issue. *Martin v. Norfolk Southern Railway Co.*, 271 S.W.3d 76, 84 (Tenn. 2008). Plaintiffs could satisfy their burden by: (1) pointing to evidence establishing material factual disputes that were over-looked or ignored by the moving party; (2) rehabilitating the evidence attacked by the moving party; (3) producing additional evidence establishing the existence of a genuine issue for trial; or (4) submitting an affidavit explaining the necessity for further discovery pursuant to Tenn. R. Civ. P., Rule 56.06. *Id.* (citing *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998); *accord Byrd v. Hall*, 847 S.W.2d 208, 215 n.6 (Tenn. 1993)).

In response to materials filed in support of the motion, Plaintiffs filed the deposition of Defendant and a response to Defendant's statement of material facts. In a memorandum filed in support of their response, Plaintiffs premised their opposition to the motion as follows:

7

The gist of this defamatory statement is clear; the Plaintiffs Tedd Anger and Gwen Shamblin, gave directions on child-rearing which caused the murder of the Smith child. Indeed, if the Defendant is to be believed, the murder occurred "***when*** they followed the child-rearing directions . . . of . . . Gwen Shamblin and . . . Tedd Anger.["] [emphasis in original]

With this as a premise, Plaintiffs cite testimony in the deposition and contend that the testimony demonstrates that Defendant "recklessly disregarded the truth that neither Gwen Shamblin nor Tedd Anger had anything to do with the child's death"; that Defendant acknowledged that "the Smiths 'exceeded' rather than followed the Anger/Shamblin approval of spanking with an objective of loving discipline"; that the Statement was published a year and a half after the Smith trial and Defendant was "well aware that no other media had ever stated that the Smiths murdered their son when following the child-rearing directions of the Plaintiffs"; and that the Statement was published "without regard to the truth motivated by [Defendant's] long history of malice, ill will, spite and religious bigotry toward the Plaintiffs." In our analysis, however, we are not bound by Plaintiffs' interpretation of the words; rather, we make an independent determination as to whether the words are capable of being understood as defamatory. *Stilts v. Globe Int'l, Inc.*, 950 F. Supp. 220 (M.D. Tenn. 1995) *aff'd*. 91 F.3d 144 (6th Cir. 1996).

Plaintiffs were required to produce evidence of specific facts establishing a genuine issue of material fact on the issue of actual malice. Although Plaintiffs cite Defendant's deposition for the proposition that Defendant acknowledged the falsity of certain portions of the Statement, we have reviewed the deposition and find nothing in it, or in Plaintiffs' response to the statement of material facts, that raises a genuine issue of material fact as to the falsity of the Statement or as to whether Defendant believed the Statement to be false at the time it was written. The Statement includes the true facts that Joseph and Sonya Smith were members of Remnant Fellowship,[5] that they were arrested, tried and convicted in the death of their child,[6] and that Gwen Shamblin and Tedd Anger gave child-rearing advice.[7] The balance of the Statement contains rhetorical hyperbole and matters of opinion which cannot be reasonably interpreted as stating actual facts about the Plaintiffs. Viewing the words in the context provided by consideration of the record and materials filed in support

---

[5] Their membership in Remnant Fellowship was not disputed by Plaintiffs in their response to Defendant's statement of material facts.

[6] This fact was not disputed by Plaintiffs in their response to Defendant's statement of material facts.

[7] In the audio recording of the conference call led by Mrs. Shamblin in which Sonya Smith participated, Mrs. Smith acknowledged the teaching of Mr. Anger. Plaintiffs stipulated that the recording was authentic.

of and in opposition to the motion for summary judgment, we conclude that the Statement is not false and cannot be construed as defamatory. *See Hibdon*, 195 S.W.3d at 63 (citing *Milkovich v. Lorain Journal*, 497 U.S. 1, 21 (1990)).[8]

Plaintiffs' burden with respect to both the defamation and false light claims was to come forward with evidence sufficient to create a genuine issue of material fact on the essential element of actual malice. We have reviewed the record in the light most favorable to Plaintiffs and have determined that the record does not contain "clear and convincing evidence upon which a trier of fact could find actual malice." *Piper v. Mize*, No. M2002-00626-COA-R3-CV, 2003 WL 21338696, at *7 (Tenn. Ct. App. June 10, 2003). Consequently, Defendant was entitled to summary judgment.

## III. CONCLUSION

For the foregoing reasons, the judgment of the Circuit Court for Williamson County is AFFIRMED.

_____
RICHARD H. DINKINS, JUDGE

---

[8]

Statements that cannot "reasonably [be] interpreted as stating actual facts about an individual" because they are expressed in "loose, figurative or hyperbolic language," and/or the content and tenor of the statements "negate the impression that the author seriously is maintaining an assertion of actual fact" about the plaintiff are not provably false and, as such, will not provide a legal basis for defamation. *Milkovich v. Lorain Journal*, 497 U.S. 1, 21 (1990).

*Hibdon*, 195 S.W.3d at 63.