IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 2, 2010 Session

# EDWARD P. LANDRY, et al., v. SOUTH CUMBERLAND AMOCO, et al.

**Appeal from the Circuit Court for Hamblen County**
**No. 07CV034     Hon. Kindall Lawson, Judge**

**No. E2009-01354-COA-R3-CV - FILED MARCH 10, 2010**

Plaintiffs brought this wrongful death action against defendants for the wrongful death of Brandi Coyle, who died as a result of a motor vehicle accident allegedly caused by an underage intoxicated driver who had purchased intoxicating beverages from South Cumberland Amoco. Defendants moved for summary judgment on the grounds that plaintiffs would be unable to prove essential elements of their claim. The Trial Court held that the alleged underage driver had stated initially that he was over the age of 21, but later, in another statement, represented that he was a minor at the time of the accident. The Trial Judge held that his statements cancelled each other and there was no evidence to establish that he was a minor at the time of the accident. The Court also held that plaintiffs could not prove that the South Cumberland Amoco cashier had "knowingly sold intoxicating beverages to a minor". On appeal, we vacate the summary judgment and remand for further proceedings.

**Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Reversed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, J., and JOHN W. MCCLARTY, J. , joined.

Douglas R. Beier, Morristown, Tennessee, for the appellants, Alanna Edward P. Landry, and Juanita Coyle.

William A. Reeves, and Robin M. Cleavenger, Knoxville, Tennessee, for the appellees, South Cumberland Amoco, Amoco-South Cumberland, Pramukh Swami Maharaj, Inc., Shree Akshar, Inc., Savita Patel, Meena Patel, Kipak Patel, and Jatinkumar Patel.

# OPINION

Edward Landry and Juanita Coyle, as mother and next of kin of Brandi Coyle, deceased, and the estate of Brandi Coyle, brought this action against South Cumberland Amoco, Amoco-South Cumberland Pramukh Swami Maharaj, Inc., and several other parties regarding the sale of alcohol to an underage purchaser, Samuel Martinez.

Plaintiffs alleged that the South Cumberland Amoco in Morristown sold beer to Martinez, who was obviously under 21, and that it asked for no identification. Plaintiffs alleged that Martinez had purchased beer from this store in the past, and that Martinez drove his car under the influence of the alcohol purchased at the store and collided with a motorcycle being ridden by Edward Landry and Brandi Coyle. Plaintiffs further alleged that Coyle died as a result of her injuries in the accident, and that Martinez had a blood alcohol rating of .16 at the time of the accident, and that he had consumed no other alcohol that day except what he purchased from defendants.

Additionally, plaintiffs alleged that defendants engaged in a civil conspiracy to sell alcohol to Hispanics without proper evidence of age, and would sell to any Hispanic individual regardless of age.

Defendants answered, denying that Martinez purchased alcohol from their store on the date in question or any other time, and also denied that Martinez was under the age of qualification to purchase alcohol. Defendants denied all other allegations that they were negligent in any way, and as affirmative defense, asserted that Tenn. Code Ann. §57-10-101 barred recovery against defendants.

Defendants then filed a Motion for Summary Judgment, asserting that plaintiffs could not prove that Martinez was underage at the time of the accident, nor that the cashier who allegedly sold him beer at defendant's store knew that he was underage, which was an essential element of plaintiffs' claim. Defendants asserted that, pursuant to Tenn. Code Ann. §57-10-102, defendants could only be held liable if the sale of the alcoholic beverage was determined to be the proximate cause of the injury, and if the alcohol was sold to a person known to be underage.

The record contains an Affidavit from Soyber Ernesto Morales Roblero, a.k.a. Samuel Martinez. He states that he was born November 27, 1989, and that the document attached to the affidavit is a true copy of his birth certificate from Mexico.

Plaintiffs filed discovery motions, including a Motion to Compel and then filed a Motion for Partial Summary Judgment, seeking judgment on certain undisputed issues. Plaintiffs also filed a Statement of Undisputed Facts, and further filed a Rule 56.07 Affidavit of David Day, plaintiffs' counsel, who stated that further discovery (including disclosure of the identity of the store clerks) was necessary before plaintiffs could respond to defendants' Motion for Summary Judgment. Defendants filed a Motion to Strike, stating that none of the issues upon which plaintiffs sought summary judgment would dispose of or resolve a claim, and then filed a Statement of Undisputed Material Facts in Support of Defendants' Motion for Summary Judgment.

The deposition of Samuel Martinez was filed, which was taken with the aid of a Spanish interpreter. Martinez testified he did not speak English, and that he had previously met with defense counsel, and that defense counsel asked him about the accident, and about how many beers he had drunk and where he bought them. Martinez further testified that defense counsel also asked him about his age, and whether his date of birth was 1983. Martinez testified that he could not read English, and would need the interpreter to read him a document written in English.

The interpreter read a statement to Martinez that he gave on February 7, 2007, and he identified it as accurate and testified that he remembered giving it. Martinez testified that in that statement he said he was born in 1989, because that was true and he was born in 1989. Martinez testified that he told defense counsel he was born in 1983 because he didn't want to "have any more problems with that." Martinez testified that he was afraid because "here sometimes they do put us in trouble because of that", but he affirmed that his true birthday was 1989.

Martinez testified that he was in Whiteville Correctional Facility because of the accident, and that his attorney, William Wheatley, had a copy of his birth certificate. Martinez testified that he was currently "about 21" and had been in jail for two years. He conceded that when the accident occurred, he was illegally in the US and had come from Mexico, and that his real name was Soyber Ernesto Morales Roblero, and that he used the name Samuel Martinez so he wouldn't get into trouble with immigration. He then testified that he was 17 at the time of the accident.

Martinez identified a picture of the store where he bought the beer on the day of the accident, and stated that he had been to the Mexican store and bought a sabrita, and then he went to the gas station, saw the beer, and took it to the counter. Martinez testified that he asked how much the beer was, and they told him it was $6. He testified that he had heard that the store would sell beer, and that the cashier was a man, and did not ask him for any ID. He testified that he did not have a fake ID.

Martinez testified that he spoke to the cashier in Spanish, but the cashier did not speak to him in Spanish. He testified that the cashier never asked how old he was, and that he did not shave, because he was young, and his face was smooth. Martinez testified that he went home, drank 2 ½ beers, and then went back out and that was when the accident happened. Martinez testified that he did not have a drivers license and could not buy beer anywhere else because they would ask for an ID. He testified that he had never bought beer nor drunk beer before this day. Martinez testified that he never saw the motorcycle coming when he pulled out, and that he was intoxicated.

Martinez testified that the police first asked him about his birth date about a week after the accident, and that was when he told them 1983. He testified that he later changed his story because he wanted to tell the truth. The record also contains a sworn statement from Martinez given in February 2007, where he stated his true birth date was 1989. He testified regarding the events of the day in question, and his testimony was the same as that in his deposition.

The Court entered an Order on May 5, 2009, granting summary judgment to defendants, finding that the plaintiffs could not establish beyond a reasonable doubt that Martinez was under 21, nor that the clerk at the store knew that he was under 21. The Court said that since plaintiffs could not establish these essential elements of their claim, summary judgment was appropriate.

Plaintiffs raise one issue on appeal:

Whether the Trial Court erred in granting summary judgment?

To prevail on their claim, plaintiffs must prove that the sale of the alcoholic beverage was the proximate cause of the injury or death, and that the seller sold the alcohol to a person known to be under the age of 21. Tenn. Code Ann. §57-10-102. The Trial Court granted summary judgment based on the Court's ruling that plaintiffs could not establish two essential elements of their claim, i.e. that Martinez was underage when he purchased the alcohol from defendants, and that the clerk who sold the alcohol knew that Martinez was underage. Summary judgment is proper when the moving party presents evidence that negates an essential element of the non-moving party's claim. *Blair v. West Town Mall*, 130 S.W.3d 761 (Tenn. 2004).

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56. The moving party bears the burden of demonstrating that no genuine issue of material fact exists, and that it is entitled to judgment

as a matter of law.  *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence.  *Id.* at 210-11. Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion.  *Carvell v. Bottoms*, 900 S.W.2d 23 (Tenn. 1995).  Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment.  *Id.* Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court.  *Id.*

Plaintiffs argue that the Trial Court erred in ruling that they could not prove that Martinez was underage when he purchased the alcohol on the day of the accident.  They argue that, viewing the evidence in the light most favorable to them, they showed that Martinez was 16 on the day he purchased the beer.  Defendants argue that Martinez gave conflicting sworn statements/testimony regarding his true birth date, and that these statements cancel each other out such that there is no competent evidence regarding his age.

Tennessee courts have held that mutually contradictory statements by the same witness are  "no evidence" of the fact sought to be proved.  *Church v. Perales*, 39 S.W.3d 149 (Tenn. Ct. App. 2000). Such contradictory statements of a witness in connection with the same fact have the effect of cancelling each other out.  *Tibbals Flooring Company v. Stanfill*, 410 S.W.2d 892, 896 (Tenn. 1967).  However, this "cancellation rule" applies only if the contradictory statements are unexplained or if neither statement can be corroborated by other competent evidence.  *Church v. Perales*, at 170.

In this case, Martinez did give contradictory statements regarding his age, but Martinez explained that he stated that his age was older because he was afraid of getting into trouble, but then later decided to tell the truth about his age.  He also testified that his real name was Soyber Ernesto Morales Roblero, and that he used the name Samuel Martinez so he wouldn't get into trouble with immigration.  His Mexican birth certificate was attached to an affidavit he executed, and it confirms his true name (Roblero) and his birth year of 1989.

Since Martinez explained his contradictory statements regarding his age, and further since his birth year of 1989 is corroborated by his birth certificate, the cancellation rule does not apply.  Instead, "the meaning of relevant oral statements made by or to a party ... is a fact question for a jury to consider in weighing the possible contradictions in and credibility of the testimony of the witness, rather than a law question for determination by the Trial Judge on motion for summary judgment or directed verdict."  *Gambill v. Middle Tenn. Med. Ctr.,*

*Inc.,* 751 S.W.2d 145, 151 (Tenn. Ct. App.1988).

The Trial Court erred in holding that plaintiffs could not prove this element of their claim.

The Trial Court also held that plaintiffs could not show that the seller knew that Martinez was underage when he purchased the alcohol. As the Supreme Court explained in *Worley v. Weigels, Inc*., 919 S.W.2d 589 (Tenn. 1996):

> The trial court found that Section 57-10-102(1) does not require actual knowledge, and that, where reasonable inquiry is not made as to the age of the buyer, the seller will be deemed to have constructive knowledge that the buyer is a minor. The Court of Appeals agreed. Nevertheless, that construction is not permitted by the plain language of the statute. Under the statute, an action will not lie against a seller of intoxicating beverages unless it is proved beyond a reasonable doubt that the seller knew that the purchaser was a minor and sold intoxicating beverages to him or her anyway.

The Court discussed that statutes such as this one which were in derogation of the common law had to be strictly construed. The Court further discussed that the legislative history made clear that the legislature intended that sellers who sold alcohol to minors would be subject to sanctions, but not necessarily civil liability unless they knowingly sold alcohol to a minor and intended that a minor have the alcohol. *Id*. Thus, the Court was correct in granting summary judgment to defendants if defendants presented evidence to negate this element of plaintiffs' claim.

Defendants' only evidence on this issue was the testimony of Martinez that he had no discussion with the store clerk other than to ask how much the beer was, that the clerk did not ask for any identification, and that he had no identification, fake or otherwise, to establish his age. Plaintiffs point out, however, that this does not necessarily negate this element, as it could be otherwise shown that the seller knew Martinez was underage, and that the biggest problem with establishing what the seller knew or didn't know is that defendants never responded to their discovery requests and refused to give them the names of the store clerks or to allow them to be deposed.

Plaintiffs further argued at the Trial Court level that they were prevented from providing any evidence to counter defendants' summary judgment motion by defendants' own actions in failing to comply with discovery, and filed a motion to compel and a Rule 56.07 affidavit of counsel to bring this problem to the court's attention. The issue was again raised at the hearing on the summary judgment motion, but the Court did not address it, and

simply granted the defendants' motion.

As we have previously recognized, while efficient disposition of cases is desired, courts may act too hastily in granting summary judgment motions when there has not been a reasonable opportunity for discovery. See *Calsonic Yorozu Corp. v. Forklifts Unlimited, L.L.C.,* 2002 WL 121612 (Tenn. Ct. App. Jan. 30, 2002). In some circumstances, the parties must be afforded the opportunity to conduct discovery prior to the determination of a summary judgment motion. See *Griffin v. Traughber*, 1996 WL 355069 (Tenn. Ct. App. June 28, 1996). This proposition is especially true when such discovery is necessary to properly oppose the motion.

In this case, plaintiffs were denied the opportunity to meet their burden, and the Trial Court erred in refusing to provide plaintiffs with the opportunity for discovery of the desired information. As stated, the Trial Court did not rule on plaintiffs' Motion for Discovery, but simply found defendants had negated an essential element of plaintiffs' claim. The Trial Court erred in not allowing the requested discovery to take place, and granting summary judgment was premature.

We vacate the Judgment of the Trial Court and remand for further proceedings in accordance with this opinion.

The cost of the cause is assessed to South Cumberland Amoco.


_____
HERSCHEL PICKENS FRANKS, P.J.