IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Submitted on Briefs April 26, 2010

**MEMPHIS AREA TEACHERS CREDIT UNION**
v.
**DAVID JONES**

**Appeal from the Circuit Court for Shelby County**
**No. CT-003685-08      Karen R. Williams, Judge**

---

**No. W2009-01419-COA-R3-CV - Filed June 14, 2010**

---

This appeal involves dismissal for failure to prosecute. After receiving an adverse judgment in general sessions court, the defendant appealed to the circuit court. At the circuit court hearing on his appeal, the defendant failed to appear because he mistakenly went to the wrong court. The circuit court dismissed the appeal for failure to prosecute and remanded the case to general sessions for entry of a final judgment. The defendant now appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Defendant/Appellant David Jones, Memphis, Tennessee, pro se

George F. Higgs and Brittan S. Webb, Memphis, Tennessee, for the Plaintiff/Appellee, Memphis Area Teachers Credit Union

**OPINION**

**FACTS AND PROCEDURAL HISTORY**

Plaintiff/Appellee Memphis Area Teachers Credit Union ("MATCU") holds a lien on a 2006 Mercedes Benz C230 ("the vehicle") owned by Jeffrey Haynes ("Mr. Haynes"). In October 2007, Mr. Haynes was involved in an accident in which his vehicle was damaged. Mr. Haynes took the vehicle to an automobile body shop owned by Defendant/Appellant David Jones ("Mr. Jones") for repairs. While the vehicle was at the body shop, Mr. Haynes died.

Mr. Jones then contacted the Tennessee Department of Safety to begin the process of asserting a garagekeeper's lien under Tennessee Code Annotated § 66-19-103[1] against the vehicle to recover his expenses for repair and storage.

In March 2008, MATCU filed this lawsuit against Mr. Jones in Shelby County General Sessions Court to recover possession of the vehicle. Mr. Jones was served personally and retained attorney Greg Hays ("attorney Hays") to represent him.[2]

On July 16, 2008, the General Sessions Court entered a judgment in favor of MATCU in the amount of $19,363. The Court ordered that the vehicle be put in MATCU's possession, that MATCU dispose of the vehicle in accordance with the Uniform Commercial Code, and that the proceeds be credited against the amount of the judgment. The next day, July 17, 2008, Mr. Jones filed a notice of appeal to the Shelby County Circuit Court.

---

[1]Tennessee Code Annotated § 66-19-103 provides in pertinent part:

> (a)(1)(A) Garagekeepers or establishments substantially in the business of towing vehicles for hire, pursuant to the provisions of title 55, chapter 16, hereinafter referred to as "towing firms" shall be entitled to a lien upon all vehicles, which lawfully come into their possession and are retained in their possession until all reasonable charges due are paid. A garagekeeper may, after thirty (30) days, enforce this lien in the manner prescribed for the enforcement of artisans' liens under §§ 66-14-102 — 66-14-106, except the garagekeeper shall only be required to advertise the sale one (1) time in a newspaper published in the place where the sale is to be held.
> . . . .
> (b) For purposes of this section, "garagekeeper" means any operator of a parking place or establishment, motor vehicle storage facility, or establishment for the servicing, repair or maintenance of vehicles.

T.C.A. § 66-19-103 (2009 Supp.).

[2]The case was originally set for May 15, 2008. MATCU asserts that the General Sessions Court continued the case four times because Mr. Jones failed to appear. Mr. Jones claims that the case "was tried at least (7) times in General Sessions Court" without his knowledge or presence because attorney Hays told him that his presence was not necessary. The record on appeal contains only one consent order indicating that the case was continued from July 8, 2008 to July 16, 2008.

Attorney Hays continued to represent Mr. Jones in the Circuit Court proceedings.[3] On June 15, 2009, the Circuit Court held a hearing on Mr. Jones's appeal.[4] Mr. Jones did not appear at the hearing; he now asserts that his failure to appear was the result of an erroneous instruction from the Director of Operations in attorney Hays's office, directing Mr. Jones to the wrong court. Based on Mr. Jones's failure to appear, the Circuit Court entered an order dismissing his appeal for failure to prosecute. The Court assessed costs against Mr. Jones and remanded the case to the General Sessions Court for entry of a final judgment.

Mr. Jones now appeals the Circuit Court's order dismissing his appeal.

## ISSUE ON APPEAL AND STANDARD OF REVIEW

Mr. Jones characterizes the issues on appeal as "[w]hether the Circuit Court erred in holding [him] liable for cost replevin" and whether attorney Hays's "unethical manner" of representation had "great bearing on the outcome of the previous court proceedings and Circuit Court Trial court proceedings on" June 15, 2009. In his brief, Mr. Jones takes issue with MATCU's decision to instigate litigation rather than settling out of court, the failures by both the General Sessions and Circuit Courts to honor his garagekeeper's lien, and attorney Hays's representation. Proceeding *pro se*, Mr. Jones requests reversal of the Circuit Court's order, reimbursement of his attorney fees and his court costs, and return of the vehicle to his possession. However, because the Circuit Court dismissed Mr. Jones's appeal for failure to prosecute after Mr. Jones did not appear at the hearing, we perceive the issue on appeal as whether the Circuit Court erred in doing so.

Resolution of this issue turns upon the application of Tennessee statutes. *See Nix v. Sutton*, No. M2006-00960-COA-R3-CV, 2007 WL 1541331, at *1-2 (Tenn. Ct. App. May 25, 2007), *no perm. app.* (citing T.C.A. §§ 27-5-106, 27-5-107). Construction and application of statutory provisions are questions of law. *See Worley v. Weigels, Inc.*, 919 S.W.2d 589, 592 (Tenn. 1996) (quoting *Beare Co. v. Tenn. Dep't of Revenue*, 858 S.W.2d 906, 907 (Tenn. 1993)). We review the trial court's conclusions of law *de novo* with no presumption of correctness. *Campbell v. Fla. Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996).

---

[3]However, Mr. Jones alleges that he went nearly six months without any contact from attorney Hays.

[4]MATCU claims that the Circuit Court held a hearing on Mr. Jones's appeal on May 11, 2009. When Mr. Jones did not show up, MATCU asserts, the matter was reset for June 15, 2009. The record indicates only that Mr. Jones's appeal was heard on June 15, 2009.

**ANALYSIS**

The Circuit Court dismissed Mr. Jones's appeal from General Sessions Court for failure to prosecute when he did not appear at the hearing. When an appellant from a General Sessions Court judgment fails to appear at the hearing on the appeal to Circuit Court, several statutes come into play. *See Nix*, 2007 WL 1541331, at *2. Under Tennessee Code Annotated § 27-5-105, the General Sessions Court Clerk is required to file the "papers" in the case in the office of the Circuit Court Clerk. T.C.A. § 27-5-105(a)(1) (2000). Section 27-5-106 then provides:

> (a) If the clerk fails to return the papers within the time prescribed, but returns them during the term to which the same are returnable, *and the appellant fails to appear and prosecute the appeal,* if such appellant is the original defendant, the plaintiff shall have judgment final, by default, for the amount of the judgment of the court of general sessions, against the appellant for the debt and the appellant and the appellant's sureties for the cost.

T.C.A. § 27-5-106(a) (2000) (emphasis added). Likewise, Tennessee Code Annotated § 27-5-107 provides:

> If the papers are properly returned, and *the appellant fails to appear* or defend as above, or if the appeal is dismissed for any cause, the appellee is entitled to an affirmance of the judgment below, with costs.

T.C.A. § 27-5-107 (2000) (emphasis added). " In sum, these statutes provide that when a party appeals from general sessions court to circuit court, but fails to appear and prosecute his appeal in circuit court, dismissal of the appeal is warranted." *Nix*, 2007 WL 1541331, at *2. (citing 1 LAWRENCE A. PIVNICK, TENNESSEE CIRCUIT COURT PRACTICE § 3:11 (2007 ed.)).

This Court has considered the issue presented in this appeal, in the proverbial "spotted-cow" case. In *Nix*, the plaintiff Nix recovered a judgment against the defendant Sutton in General Sessions Court. *Nix*, 2007 WL 1541331, at *1. Defendant Sutton then appealed the General Sessions Court judgment to the Circuit Court, and a hearing was set. On the day of the hearing, Defendant Sutton failed to appear because he had gone to the wrong courthouse. The Circuit Court dismissed Defendant Sutton's appeal and remanded the case to General Sessions Court for execution on the judgment. Defendant Sutton appealed the dismissal to this Court.

On appeal, the *Nix* Court affirmed the Circuit Court's dismissal of Defendant Sutton's appeal. *Id.* at *3. Citing Tennessee Code Annotated §§ 27-5-106 and 27-5-107, the *Nix* Court stated that dismissal of an appeal from the General Sessions Court is warranted when the appellant fails to appear and prosecute his appeal in Circuit Court. *Id.* at *2. Because Defendant Sutton did not appear to prosecute his appeal, the *Nix* Court concluded that the Circuit Court did not err in dismissing his appeal and remanding the case for execution on the judgment. *Id.* at *3.

As in *Nix*, Mr. Jones appealed to the Circuit Court from a judgment entered against him in General Sessions Court. Likewise, Mr. Jones failed to appear at the Circuit Court hearing on his appeal because he was in the wrong court on the day of the hearing. The Circuit Court dismissed his appeal and remanded the case to the General Sessions Court. Consequently, as in *Nix*, we must affirm the Circuit Court's dismissal of Mr. Jones's appeal from the General Sessions Court judgment against him.

## CONCLUSION

The decision of the trial court is affirmed. The costs of this appeal are taxed to the Appellant David Jones for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE